84 276
117 628

[No. 20617. In Bank. — June 2, 1890.]

## THE PEOPLE, RESPONDENT, v. CHOY AH SING, APPELLANT.

CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — FLIGHT OF ACCUSED — CONFLICTING EVIDENCE — INSTRUCTION. — Upon trial for an assault with a deadly weapon, where the evidence is conflicting as to whether the flight of the accused, after the assault, was to avoid friends of the assaulted person, who were chasing him, or was caused by a consciousness of guilt, it is for the jury to determine the character of the flight; and an instruction that such flight was a circumstance tending to establish guilt, to be considered with other circumstances and the testimony in the case, though not alone sufficient to justify a verdict of guilty, is erroneous, as assuming that the flight was of a kind which tended to establish guilt, and in effect excluding the defendant's evidence from the jury.

ID. — SELF-DEFENSE — REASONABLE DOUBT — INSTRUCTION. — An instruction that "it is not necessary that the particulars of the transaction given in evidence by the defendant to sustain a plea of self-defense should be sufficient to satisfy the minds of the jury; it is sufficient if they raise a reasonable doubt in the minds of the jurors as to the guilt of the defendant, and if they do raise such reasonable doubt, then the defendant is entitled to an acquittal," while not so clear as it might have been, contains no prejudicial error, in view of the last clause, which states the correct rule.

ID. — EVIDENCE — ATTEMPT TO BRIBE PROSECUTING WITNESS. — It is error to permit the prosecuting witness to testify that he had been approached by persons other than the defendant or his authorized agents, who offered him a bribe not to prosecute the defendant, and to have the prosecution dismissed, if the prosecution does not offer to connect the defendant with it, but is allowed to question the prosecuting witness, against the objection of the defendant, in such a way that the acts of any person whatever, though unauthorized, could be given in evidence.

ID. — ATTEMPT OF THIRD PARTIES TO SETTLE PROSECUTION. — Evidence is inadmissible as to what the cousin of the prosecuting witness had done and said with a view to getting money from a witness for the defendant to settle the case.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Thomas D. Riordan,* and *James F. Smith,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was convicted of an assault with a deadly weapon; from the judgment in the prem-

ises, and an order denying a new trial, this appeal is prosecuted.

The first ground of error alleged is, that the court instructed the jury wrongfully with reference to the running away of the defendant, after the striking of the blow with a deadly weapon, which he was found, by the jury, to have feloniously inflicted upon the person of one Ah Mow. The part of the charge of the court to which objection is made reads as follows: "The flight of the defendant is a circumstance tending to establish his guilt, but is not, of itself alone, sufficient to justify a verdict of guilty. The jury may take the evidence of such flight into consideration in connection with the other circumstances and the testimony in the case."

The record shows that upon the trial there was evidence of the running away of the defendant from the place where he had stricken the prosecuting witness, Ah Mow, with an iron bar; but while the prosecution contended that this running away was a flight from the scene, as of one guilty of the crime charged, the defendant claimed in his testimony that he did so to avoid the friends of Ah Mow, who were chasing the former. Such being the facts in evidence, of a conflicting nature as to the character of the flight, it was for the jury to say whether it was a flight such as tended to show guilt, or a flight merely to avoid injury. The instruction assumes that *it was a flight of the defendant, of a kind which tended to establish his guilt.* This was, under the facts of this case, an instruction which in effect excluded the defendant's account of the nature of his running away from the jury, and was therefore erroneous.

Another portion of the charge to which the defendant makes objection is to be found in the transcript at folios 47 and 48.

The counsel for defendant contends that "it is not necessary that the particulars of the transaction given in evidence by the defendant to sustain the plea of self-

defense should be sufficient to *satisfy* the minds of the jury. It is sufficient if they *raise a reasonable doubt* in the minds of the jurors as to the guilt of the defendant; and if they do raise such reasonable doubt, then the defendant is entitled to an acquittal."

While the language used, to which objection is thus made, is not so clear as it might have been, we do not think it prejudicial error, in view of the last clause thereof, which contains a statement of the rule that, to find the defendant guilty, the jury must have no reasonable doubt as to the sufficiency of the facts offered in evidence to establish the defendant's guilt.

It is further assigned as error that the court, over the defendant's objection, permitted this question to be put to the witness Ah Mow: "Did any one speak to you about a dismissal of the case?" The answer was that two persons other than the defendant had approached the witness and offered him a bribe not to prosecute the defendant.

The answer made to the question was in response to it, because the question was one which called for the acts of "any one" in relation to speaking about "the dismissal of the case."

The evidence brought out in the answer was irrelevant, because it did not connect the defendant, or any one authorized to act for him, with the alleged attempt to bribe the witness to have the prosecution dismissed. The court should have required the prosecution to state whether they proposed to connect the defendant with it, and the question to be so framed as that it would have directed the witness to state if he knew what the defendant or an authorized agent had done in the matter, and not have allowed it to be put in such a way as that the acts of any person whatsoever, even an unauthorized one, could be given in evidence.

The ruling of the court was right in afterward excluding similar evidence as to what the cousin of Ah Mow,

the prosecuting witness, had done and said with a view to getting money from Toy Sing Aug, a witness for the defense, and settling the case.

For the reasons heretofore stated, we advise that the judgment and order be reversed.

Gibson, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the judgment and order are reversed.

Fox, J., dissented.