[Crim. No. 1679. Second Appellate District, Division One.— September 21, 1928.]

THE PEOPLE, Respondent, v. HARRY STERN, Appellant.

Joseph M. Wapner and Max Lewis for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner I. Praul for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of burning insured property and from an order denying his motion for a new trial.

The first point made by appellant for reversal of the judgment is that the verdict of the jury was not supported by the evidence. Among other facts, many of which at least were not antagonistic to a conclusion that defendant was wholly innocent of wrongdoing, the following may be mentioned as bearing upon the question of the sufficiency of the evidence to support the verdict, to wit: Defendant was the proprietor of a millinery store. Referring to the stock of goods in the store, each of two witnesses for the prosecution testified in effect that immediately after the fire, "practically all of it was saturated with gasoline"; and that although several articles of such stock of goods which gave off the odor of gasoline were produced as exhibits on the trial of the action, "not anywheres near all of it" was present in court. In addition thereto, a cardboard box which was inside a carton "containing scraps of material" was found in the storeroom, which box not only gave off the odor of gasoline, but which "contained a small quantity of gasoline that had not been saturated into the fibers of the box." Defendant stated that he had no enemy against whom suspicion might be directed as to the person who had started the fire. There was but one set of keys

to the store, which keys were carried by defendant. "The material that was burned was on the south side of the room around the sewing-machine table, and on top of the sewing-machine table, and under the table which set just west of the sewing machine. . . . There was fire under the table which set just west,"—which table was about six or eight feet from where the sewing-machine table was located. Although the business of defendant was "on the mend," at the time the fire occurred, it was "none too good." The stock of goods, furniture, and equipment of the business was of the reasonable value of $3,650.80, while it was all insured for the sum of $5,000. The fire occurred on a Saturday afternoon, about two and one-half hours after all the employees in the store had quit work—defendant's departure from the place of business having preceded the fire by approximately twenty or thirty minutes.

While, as hereinbefore indicated, much of the evidence, not herein referred to, was consistent with the innocence of defendant, the duty of judging the facts and determining the ultimate question of the guilt or the innocence of defendant rested with the jury. In that connection, the rule is universal that an appellate court is concerned only with the sufficiency of the evidence to justify the verdict; and while that part of the evidence to which reference has been had was none too strong, nevertheless this court is of the opinion that, from a legal standpoint, it was sufficient; from which it follows that the point made by appellant cannot be sustained.

█ Prejudicial error is also predicated upon the refusal of the trial court to give to the jury certain instructions requested by defendant. Two of such requested instructions related to the effect of circumstantial evidence; while the third instruction had to do with the weight and importance to be attached by the jury to evidence of the good character of defendant. If it be conceded that each of such instructions respectively correctly stated the law as to the subject which was purportedly covered by such instruction, nevertheless it also satisfactorily appears that the substantial rights of defendant in the premises were fully protected by other instructions which the trial court gave to the jury. In such circumstances, the defendant is in no position to complain. (*People* v. *Wolfgang*, 192 Cal. 754,

763 [221 Pac. 907] ; *People* v. *Champion*, 193 Cal. 441, 449 [225 Pac. 278].)

No prejudicial error appearing in the record, it is ordered that the judgment and the order denying the motion for a new trial be and they are affirmed.

Conrey, P. J., and York, J., concurred.