THE PEOPLE, Respondent, v. JOSEPH CLARK, Appellant.

Walter L. Gordon, Jr., for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was convicted by the court without a jury of the crime of robbery. His felonious act consisted of taking $4,200 from the possession of one John Dees

against his will and by the use of force and by putting his victim in fear by the use of a revolver. The only question for decision is whether the evidence is sufficient to sustain the judgment.

Section 211 of the Penal Code thus defines robbery: "The felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Section 211a makes the offense robbery of the first degree when the criminal is armed with a dangerous or deadly weapon.

The judgment is attacked upon the grounds that neither asportation nor ownership of the money was proved. The record discloses ample evidence to warrant such finding.

The complaining witness, Dees, was purchasing agent for the Interstate Company. On the occasion of the crime he was engaged in computing the payroll of his company in order to inclose the amounts due the employees in envelopes. He had in his possession in excess of $7,000, about $4,500 of which was in currency in a single package. While he was sitting at an adding machine in pursuit of his work he was suddenly knocked to the floor, the money was scattered and appellant held the muzzle of his revolver within two feet of the unfortunate man. Appellant took a bag from the agent, stuffed it with the package of currency taken from the possession of Dees and, after pushing the latter into another room and locking him in, departed from the premises with the package of currency and the bag. On hearing a call for help the witness Jacobson, a fellow employee, entered the room of the robbery where he saw appellant aiming his revolver at Mr. Dees.

Whether appellant conveyed the money one yard or one mile from the presence of his victim is immaterial insofar as the element of asportation is concerned. He took the money from its lawful possessor by the use of both force and fear and appropriated it to his own use. The crime of robbery is complete when the robber unlawfully and by means of force or fear gains possession of the movable property of another in the presence of its lawful custodian and reduces it to his manual possession. His escape with the loot is not necessary to complete the crime. (*People* v. *Beal*, 3 Cal.App.2d 251 [39 P.2d 504].)

Further proof of the asportation of the currency from the scene of the crime is found in the testimony of Officer Leach, who found in the room of a hotel occupied by appellant

and his female companion the bag taken from Mr. Dees and currency in a purse, under a pillow and in the bed clothes, aggregating $1,600. Under questioning the unsatisfactory explanation of the presence of so large a sum of money concealed in his bedroom was a circumstance properly to be considered by the court in finding appellant guilty of robbery.

The conviction of a crime will not be set aside for lack of sufficient evidence unless it is made clearly to appear that upon no hypothesis whatever is there substantial evidence to support the finding of the trial court. (*People* v. *Abrams*, 58 Cal.App.2d 157 [136 P.2d 46] ; *People* v. *Fleming*, 58 Cal.App.2d 37 [136 P.2d 88] ; *People* v. *Hennessy*, 201 Cal. 568 [258 P. 49].) It is not the duty of the appellate court to weigh the evidence where that has been done by the trial court according to law. (*People* v. *Stern*, 94 Cal.App. 85 [270 P. 706].)

The authorities cited by appellant (*People* v. *Ammerman*, 118 Cal. 23, 26 [50 P. 15] ; *People* v. *Sylvis*, 72 Cal.App. 632 [237 P. 802] ; *People* v. *Foss*, 85 Cal.App. 269 [259 P. 123]) are not pertinent. In those cases the record was void of the proof of the essentials of the crimes charged.

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.