[Crim. No. 3380.   First Dist., Div. One.   Feb. 21, 1958.]

THE PEOPLE, Respondent, v. ROY MORGAN, Appellant.

Benjamin Davis and Lionel Browne for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of a violation of section 11500 of the Health and Safety Code, sale of heroin on August 30, 1956 (count I), and of a violation of section 11557 of that code, opening and maintaining a place for selling, giving away and using narcotics on that date (count II), defendant has appealed from the judgment and from the order denying a new trial.

Upon four separate occasions (August 21, 24, 28 and 30, 1956) two officers "strip searched" an informant, supplied him with currency and took him by auto to a point near defendant's residence, whence the informant departed in the direction of defendant's place of abode.* In each case one of the officers remained in the auto and the other took a position in a sandwich shop across the street from defendant's house. After a brief interval the informant upon each occasion returned to the officers with a package of heroin and without the money. The officers, not the informant-participant, testified at the trial. The prosecution refused to disclose the name of the informant-participant, claiming the information privileged under section 1881, subdivision (5), of the Code of Civil Procedure.

There is no direct evidence that defendant was at home upon any occasion except the last. There is a gap in the evidence of the officers' observations of the movements of the informant-participant after he left the auto, on the way to and from defendant's apartment, in the following particulars: (1) In respect to August 24 and 28, there is no evidence on the question whether the informant-participant contacted anyone while out of the sight of the officer who remained in the auto; (2) In respect to August 30, neither officer was asked whether the informant-participant contacted anyone between the time he left the auto and the time he returned to it.

The packets of heroin which the informant-participant delivered to the officers on the 24th, 28th and 30th of August were admitted in evidence over the objection that they were incompetent, irrelevant and immaterial as regards this defend-

---

*Upon none of these occasions did the officers have a warrant for the arrest of the defendant or the search of his apartment.

ant and have no bearing upon this case. Because of the lack of connection with the defendant, the objection should have been sustained. (*People* v. *Dixon*, 94 Cal. 255, 258 [29 P. 504] [acts and declarations of third parties in attempting to influence a witness, not in presence of the defendant or authorized by him, inadmissible] ; *People* v. *Choy Ah Sing*, 84 Cal. 276, 278 [24 P. 379] [same] ; *Union Transportation Co.* v. *Bassett*, 118 Cal. 604, 613 [50 P. 754] [evidence that a man offered for $2,000 to obtain a rescission of order of removal, without a showing of connection with defendants, in order to impugn motives of defendants in ordering removal, held inadmissible] ; *Edwards* v. *San Jose etc. Publishing Soc.*, 99 Cal. 431, 439 [34 P. 128, 37 Am.St.Rep. 70] [evidence of plaintiffs' use of money in elections prior to publication of libel held inadmissible in absence of showing that defendants had knowledge of such acts when making the publication complained of].

The failure to prove that the informant-participant contacted no one upon his way to and from defendant's apartment resulted in a fatal gap in the chain of proof tending to show that defendant made sales of heroin on August 24, 28 and 30. There was, therefore, a failure to prove count I, which charged a sale on August 30. In *People* v. *Barnett*, 118 Cal. App.2d 336 [257 P.2d 1041] (hearing by Supreme Court denied), such a gap was deemed fatal. There the unnamed operator who supposedly made a purchase was out of sight of the officer-witness for an hour and a half, but we do not consider the length of that period a significantly differentiating factor. In *People* v. *Richardson*, 152 Cal.App.2d 310, 313-314 [313 P.2d 651] (hearing by Supreme Court denied), the officer stayed in the car while the defendant and two other persons entered defendant's residence. About 20 minutes later one of the three, not the defendant, came out and handed the officer a packet containing heroin. The evidence was held insufficient. Similarly, in our case, this gap in the chain of evidence leaves without support the verdict that defendant made an unlawful sale on August 30. It is, therefore, unnecessary to consider whether without such a gap the evidence would have been sufficient.

This failure to prove three of the four sales which the prosecution undertook to prove, coupled with the erroneous admission of the three packets of heroin, leaves such slender support for the verdict that on August 30 defendant maintained a place for the use and disposal of heroin, we are impelled to

hold the indicated errors prejudicial. This requires a reversal in respect to count II also.

The refusal of defendant's demands for the identity of the informant-participant additionally requires reversal in respect to both counts. (*People* v. *Lawrence,* 149 Cal.App.2d 435 [308 P.2d 821], hearing by Supreme Court denied; *People* v. *Castiel,* 153 Cal.App.2d 653 [315 P.2d 79], hearing by Supreme Court denied.)

The judgment and the order denying a new trial are reversed.

Peters, P. J., and Bray, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 16, 1958.