[Crim. No. 3395.   First Dist., Div. One.   Mar. 10, 1958.]

THE PEOPLE, Respondent, v. JOSEPH ALVIDREZ,
Appellant.

Robert Stanton Rose and Frederick J. Whisman, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

PETERS, P. J.—The defendant was charged with the sale of narcotics and with several priors. He admitted the priors and was found guilty of the crime charged. He appeals from the judgment.

Appellant does not challenge the sufficiency of the evidence to sustain his conviction. Legally, he could not do so. Various inspectors of the State Bureau of Narcotic Enforcement testified that on the day in question·they searched an informant and found no narcotics or money upon his person; that they gave the informant $10 in bills, the serial numbers of which were recorded; that they then observed the informant enter and leave the premises occupied by defendant; that when the informer came out of the premises, he had a bindle of heroin; that defendant was arrested and he had in his possession the marked bills; that a search of his room disclosed five bindles of heroin and narcotic paraphernalia, and that two other persons were in the room. This evidence, of course, sustains the judgment.

The sole contention of appellant on appeal is that he was deprived of due process of law in not being informed of the name of the informer, and that such point can be raised for the first time on appeal, although no demand for such identification was made in the trial court, nor was there any objection to the failure of the prosecution to disclose the identity.

The case presents the typical informant-participant situation. There can be no doubt that, had proper demand been made for the identity of the informer, and had the request been refused, it would have been reversible error. (*People* v. *Lawrence,* 149 Cal.App.2d 435 [308 P.2d 821]; *People* v. *Castiel,* 153 Cal.App.2d 653 [315 P.2d 79].) It is no longer open to question that in an informant-participant situation, upon demand, the defendant is entitled to be given the name of the informer. But here no such demand was made. ■ It is a well settled rule of law that, with certain limited exceptions, "It is a general rule of appellate review, early established and long adhered to, that questions not raised in the trial court will not be considered on appeal." (3 Cal.Jur.2d 604, § 140, citing

many cases.) ▇ One such exception to the general rule is that the appellate court will consider fundamental errors or gross irregularity where the error is of such a nature and so substantial that an objection would not have obviated it. (See cases collected 3 Cal.Jur.2d, 605, § 141.) ▇ Another exception, really included in the one already stated, is that if a fundamental and well-established rule of evidence is reversed, the appellate courts will consider the admissibility of evidence although no objection was made, in those cases decided before the rule was reversed. In such cases objection would have been futile. (*People* v. *Kitchens,* 46 Cal.2d 260 [294 P.2d 17].) It is this rule that appellant seeks to invoke here. It is claimed that the Lawrence case, *supra,* which was decided March 26, 1957,* established a new rule of evidence, and that prior to that case it was generally recognized that the prosecution had the privilege to refuse to divulge the name of any informant, whether a participant or not. Appellant places his main reliance on *People* v. *Kitchens,* 46 Cal.2d 260 [294 P.2d 17]. That case held that the Supreme Court would review appeals based on the admission of illegally secured evidence although no objection had been made in the trial court, where such cases had been tried prior to the decision in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]. The basis of the court's ruling in the Kitchens case is disclosed by this quotation (46 Cal.2d 260, at p. 262) : ''Although we adhere to the rule that ordinarily the admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, we conclude that it is not applicable to appeals based on the admission of illegally obtained evidence in cases that were tried before the Cahan decision. This practice was adopted by the federal courts following the decision of the United States Supreme Court in *McNabb* v. *United States,* 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819] . . ., holding confessions obtained during a period of illegal detention inadmissible even if voluntarily made. [Citing decisions.] A contrary holding would place an unreasonable burden on defendants to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where defendants might hope that an established rule of evidence would be changed on appeal. Moreover, in view of the decisions of this court prior to *People* v. *Cahan, supra,* an objection would have been futile,

---

*In the instant case the evidence was introduced on March 8, 1957.

and 'The law neither does nor requires idle acts.' (Civ. Code, § 3532.)''

This rule was sound. As early as 1909 in *People* v. *Le Doux,* 155 Cal. 535 [102 P. 517], and again in 1922 in *People* v. *Mayen,* 188 Cal. 237 [205 P. 435, 24 A.L.R. 1383], our Supreme Court had held that illegally secured evidence was admissible. That rule was followed by many appellate courts until April of 1955 when the Cahan case was decided. Prior to that date trial courts were bound by the prior decisions and were bound to rule that illegally secured evidence was admissible. Any objection to such evidence would have been futile. Therefore, when the Supreme Court reversed that rule, fairness, justice, equity and common sense required that the new rule be applied to all cases tried before April of 1955 even though no objection had been made.

■ But no such situation is here presented. The Lawrence case did not establish a new rule of law, or overrule an old one. It simply interpreted constitutional guarantees afforded to defendant as requiring, upon demand, the prosecution to divulge the name of a participant-informer. But it did not involve evidence such as was subject to an inherent defect as in the Cahan case. There it was held that the unlawfully secured evidence was inadmissible. But, in the instant case, the officer's testimony about what he saw and heard the participant-informer do was clearly admissible evidence—there was nothing inherently wrong with it. The rule stated in the Lawrence case is not that such evidence is inadmissible if the name of the informer-participant is not first disclosed, but is to the effect that if demand is made for such identity it must be disclosed or the evidence of the officer will be stricken.

In the instant case we do not know whether, if a demand had been made, that either the district attorney or the witness would have claimed privilege, or whether, if such claim had been made, the trial court would have sustained it. That is the purpose of the rule requiring the point to be raised in the trial court before it can be raised on appeal—to give opposing counsel and the court the opportunity of correcting or preventing the error.

This view is in accord with the decided cases. In *Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506 [310 P.2d 180], this court held that information from a confidential informant, believed reliable, that the accused had committed a felony, justified, alone, his arrest without a warrant. The petitioner in that case, however, had not requested the identity of the

informer. If appellant in the instant case is correct we should have granted the writ in the Lorenzen case. We denied it and, in so doing, were careful to state (150 Cal.App.2d at p. 513): "In order that no implications might be attempted to be drawn from our decision under the facts of this case, as to what our ruling might be under different facts, we expressly call attention to the record showing that there is not involved herein the question of a denial of a demand by the defendant for the name of the informant. No such demand was made and therefore we neither directly nor indirectly are determining what the legal situation would be in a case where such demand is made." In *United States* v. *Conforti*, 200 F.2d 365, the court was faced with the same problem here involved—an informer-participant, but no demand in the trial court for a disclosure of his identity—and a claim of error made on appeal. The court, while stating it would have been error to refuse the identity had a demand been made, held that the point could not be raised for the first time on appeal. The court stated (p. 369): "The Government was under no duty to volunteer the names of all possible witnesses, nor was it required to bring into court as witnesses all persons who participated in or had some knowledge of the transactions here involved." Again on the same page the court concluded: "This court, of course, cannot reverse a judgment of the District Court on the theory that the District Court might have erred if it had been required to rule on an objection to a question which sought to establish the identity of No. 54, or No. 55."

A situation somewhat analogous to that presented in the instant case was presented in *Robinson* v. *Superior Court*, 49 Cal.2d 186 [316 P.2d 1]. There, at the preliminary hearing, the evidence produced by the prosecution showed that the petitioner was found in possession of a narcotic when arrested without a warrant, but it failed to show that the arrest was based on reasonable grounds. Petitioner sought a writ of prohibition, claiming the evidence of his possession should have been excluded. The court held: "By failing to object at the preliminary hearing to the admission of the evidence . . . defendant waived his right to claim that the evidence was improperly received because it had been illegally obtained." (49 Cal.2d at p. 187.)

Appellant makes a determined argument to the effect that the rule of the Kitchens case should be expanded to include the situation here involved. This we are not inclined to do.

There was no rule of law that the name of an informer-participant did not have to be divulged. Appellant's trial counsel simply assumed the existence of a rule that did not exist, or did not seriously want to know the name of the informer. The present counsel are in no legal position to urge that the trial court committed an error which he never was afforded the opportunity to commit—or not to commit.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 9, 1958.