[Crim. No. 2981. Third Dist. Nov. 23, 1959.]

THE PEOPLE, Respondent, v. RODRIGO FABELA,
Appellant.

Richard F. Barbeau, under appointment by the District
Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd
Hinkelman, Deputy Attorneys General, for Respondent.

PEEK, J.—By information the defendant was charged with
a violation of section 11500 of the Health and Safety Code and
with two prior felony convictions involving violations of the
same section. He pleaded not guilty to the charge but admitted
the prior convictions. A jury trial was waived, and the matter
was submitted to the court upon the transcript of the evidence

taken at the preliminary hearing. The court found defendant guilty as charged and he now appeals from the judgment.

The record shows that for approximately one month prior to his arrest defendant had been observed by officers, and on numerous occasions during that time he was seen in association with known narcotics users. Twice he was questioned and searched, and on each occasion he was found to have a substantial amount of money on his person. On each occasion he stated he had earned the money landscaping, but he did not reveal where or for whom he had worked. During this period the officers checked his record and found numerous narcotics arrests and four or five convictions for the same offense for which he had served prison terms. During this same period the officers also received information from informants that defendant was engaged in the sale of narcotics at a designated location in Sacramento. The officers staked out the area and subsequently observed defendant talking with several people, two of whom were known narcotics users. Later he was seen with one Henry Garcia, also a known narcotics user. As the two men were being followed by the police, defendant was seen to go into an alley for a distance of approximately 100 feet where he was observed searching through a clump of Bermuda grass. He was next seen sitting on a staircase "doing something with his hands." The officers continued to observe his actions. When he emerged from the alley one of the officers saw some tinfoil in his left hand. He was stopped and told to open his hands. When he did so, two bindles containing a substance later identified to contain narcotics were found in his left hand. He was thereupon placed under arrest. One of the officers testified that from his experience in police work, and from information gained from narcotics sellers, he knew it was a usual custom for those selling narcotics to plant the same, and when making a sale to either go to the place themselves or have the buyer do so.

Defendant's contentions are (1) that the arrest and search of his person were illegal, and hence the evidence adduced therefrom was illegally obtained and inadmissible; and (2) that the court erred in refusing to compel the officers to disclose the identity of the informants. We find no merit in either contention.

In the present case the police officers determined by independent investigation that defendant was associating with known narcotics users and that he had a record of arrests and convictions for narcotics violations. Also when he was observed

going through actions which the officers of their own knowledge knew to be common to one buying or selling narcotics, there was reasonable cause for them to arrest and search him. Necessarily, therefore, the court did not err in refusing to strike the officers' testimony or to compel disclosure of the informants' names. This is not a case where the informer appears as a participant in the commission of the crime or where he is a material witness, and since the prosecution did not rely upon information supplied by the informer to show reasonable cause, there was no reason for disclosure. (See *People* v. *McMurray,* 171 Cal.App.2d 178, 183 [340 P.2d 335].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.