[Crim. No. 3722.    First Dist., Div. Two.    Feb. 23, 1960.]

THE PEOPLE, Respondent, v. JOSEPH WILKINS, Appellant.

C. L. Shinn for Appellant.

Stanley Mosk, Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—Defendant was charged by information with the sale of heroin in violation of section 11500 of the Health and Safety Code. He waived a jury trial and was tried by the court and found guilty as charged. The only argument on appeal is that the evidence is insufficient to support the judgment.

The record reveals the following facts: A police officer testified that on the afternoon of August 5, 1958, he and a federal narcotics agent searched an informant and then took her to the corner of Grove and Webster Streets in San Francisco. They gave her a twenty dollar bill, a ten dollar bill and a five dollar bill, whose serial numbers had been recorded and watched her proceed to the front of the Manor Plaza Hotel on Fillmore Street. They instructed her to always remain in sight of the officers and to contact no one except the person known to her as "Pinky." The informant met the defendant in front of the hotel and after a few minutes of conversation, her hands touched his. The defendant went into the Manor Plaza Hotel and returned in a few minutes. Again, the informant's hands met those of the defendant, who then went to the Gateway Café. The informant returned to the corner of Webster and Fulton to meet the officers. She did not have any of the money but had a small white paper bindle which was later found to contain heroin. The officers immediately went to the Gateway Café. They asked the defendant if he was called "Pinky" and arrested him after he stated that his friends called him "Pinky" but that his name was Joseph Wilkins. The de-

fendant had in his possession the three bills whose serial numbers matched those which had been given the informant. About 15 minutes elapsed between the time of the transaction and the time of the defendant's arrest. The informant was in sight of the police officers during the entire transaction and neither talked nor had contact with anyone except the defendant.

The defendant testified that he met the informant whom he knew as "Peggy" in a bar of the Manor Plaza Hotel. She was playing "456" and lost some money in the game while he won. She complained to him of having no money, he gave her fifty cents to buy a can of soup for them. She did so and brought it to the Gateway Restaurant to have it warmed. The defendant admitted knowing "Peggy" for about three years but denied selling the package to her.

The defendant argues that the evidence is insufficient to support the judgment because: (1) the search of the informant was inadequate; (2) the fact that the marked money was found on his person is not sufficient to establish his guilt. There is no merit in either of these contentions.

The defendant's first argument is that the above evidence is insufficient to support the judgment of conviction. ■ The testimony of the two eyewitnesses who saw the entire transaction is sufficient to support the conviction without the testimony of the informer-participant. ■ It is now well established that the prosecution has no duty to call the informer as a witness. (*People* v. *Rodriguez,* 175 Cal.App.2d 56 [345 P.2d 330]; *People* v. *Smith,* 174 Cal.App.2d 129 [344 P.2d 435].) In this case, where the crime was committed in the presence of the officers, the informer would not be a necessary witness on the issue of the defendant's guilt. ■ The officers observed the defendant going through actions which the officers knew to be common to selling narcotics. There was reasonable cause for them to arrest and search him. (*People* v. *Fabela,* 175 Cal.App.2d 543 [346 P.2d 847]; *People* v. *Holland,* 158 Cal.App.2d 583 [322 P.2d 983]; *People* v. *Alvidrez,* 158 Cal.App.2d 299 [322 P.2d 557].) The cases cited by the defendant (*Roviaro* v. *United States,* 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639]; *People* v. *Alvarez,* 154 Cal.App.2d 694 [316 P.2d 1006]; *People* v. *Castiel,* 153 Cal.App.2d 653 [315 P.2d 79]), are not in point as they were reversed for failure to disclose the identity of the informer-participant where such informer was a material witness and the nondisclosure of his identity would deprive the defendant

of a fair trial. (*People* v. *Williams,* 51 Cal.2d 355 [333 P.2d 19].) ■ In the instant case, the identity of the informant was not in issue as the defendant admitted knowing "Peggy" for several years. Thus, the defendant's own testimony negates any possible claim of violation of due process. He also did not make any effort to subpoena the informant as a witness at the trial.

■ The next argument is that the search of the informant before the transaction was inadequate. The reason for such a search is to prevent an informant from hiding on his person narcotics which he may later claim were obtained from another person. The record indicates that the informant was wearing a tight-fitting knit dress and was carrying no handbag. One agent felt along the outside of her dress in the presence of three other agents. There is uncontroverted evidence that the informer was under surveillance during the entire transaction. There is nothing in the record to indicate that the informant made any motions toward her body during the period of her surveillance. *People* v. *Barnett,* 118 Cal.App.2d 336 [257 P.2d 1041], cited by the defendant is not in point. In that case, the informant was not searched before or after the sale, and the police officer saw the informant leave in a car with the defendant. The officer did not see the informant for a period of over an hour, after which the informant returned with the narcotics.

■ Defendant also argues that the mere presence of the marked money on his person was in and of itself insufficient. However, the presence of the marked money in the possession of the defendant clearly supports an inference that the defendant was the seller. (*Cf. People* v. *Lawrence,* 168 Cal. App.2d 510 [336 P.2d 189]; *People* v. *Scott,* 170 Cal.App.2d 446 [339 P.2d 162].)

Judgment of conviction and the order denying the motion for a new trial are hereby affirmed.

Dooling, J., and Draper, J., concurred.