[Crim. No. 1288. Fourth Dist. Nov. 23, 1960.]

THE PEOPLE, Respondent, v. ROBERT SALCIDO,
Appellant.

Robert Salcido, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment of conviction after a jury verdict finding him guilty of three counts of armed robbery, in violation of Penal Code, section 211a. Counts one and three were alleged to have occurred on November 4, 1959, and count two was alleged to have occurred on October 26, 1959. In addition, defendant admitted a prior felony conviction for grand theft, for which he had served a term in a state prison.

The evidence relating to the offense charged as count two discloses that about 11:05 p.m. on October 26, 1959, James Sandoval was employed at Henry's Liquor Store in Fresno. He was waiting on a customer when defendant entered. After the customer left, defendant approached Mr. Sandoval, who was standing next to the cash register, and said, "Give me the bills. Hurry up." Mr. Sandoval observed that defendant

held a pistol, and opened the cash register. Defendant reached into the register and removed more than $79 in cash. While this was happening, two customers entered the store, but defendant told them to get out, and they left. Defendant ordered Sandoval to sit down and remain still for five minutes. Then defendant left. Mr. Sandoval later identified the robber in a police lineup at the city jail and again as the person wearing a brown sweater sitting next to the defense attorney at the trial.

The evidence discloses that the offenses charged in counts one and three occurred on November 4, 1959, at about 9:20 a.m., at a drug store at 1445 Fresno Street. The proprietor, Mr. Cenci, had just opened his store when defendant and his partner, Jesus Esquivel, walked in. Defendant asked Mr. Cenci if he had anything for a toothache and Mr. Cenci obtained some medicine and returned to the counter. When Mr. Cenci returned, he observed that defendant had a pistol. At this time a customer, Mr. Schiavone, entered the store. Defendant ordered Mr. Schiavone and Mr. Cenci to enter a washroom in the rear of the store. Mr. Cenci was then ordered by defendant to empty his pockets and throw their contents on the floor. He did so. At defendant's order, Mr. Schiavone handed over his wallet to Esquivel who opened it and discovered that it contained only $2.00. Defendant then said, ''Let him have it. He can keep it.'' The wallet was thrown on the floor and Mr. Schiavone and Mr. Cenci were locked in the washroom. After a short time they forced the door open and discovered that defendant and his partner were gone. Mr. Cenci discovered that $160 in cash and certain narcotics had been taken. Later, at a lineup, Mr. Cenci and Mr. Schiavone identified defendant as one of the persons who robbed them.

Defendant did not testify on his own behalf. ■■ Esquivel was called by the prosecution as a witness. He testified that defendant was not the person who was with him when the drug store was robbed. The prosecution claimed surprise and impeached him with the testimony of an investigator from the district attorney's office who testified that two days earlier Esquivel had identified defendant as the person who participated in the robberies at the drug store. Such impeachment was proper. (*People* v. *Spinosa,* 115 Cal.App.2d 659 [252 P.2d 409].)

Upon defendant's request that counsel be appointed to defend him on appeal, both defendant and his trial counsel

were asked to inform the court of possible meritorious grounds of appeal. Defendant's trial counsel referred to objections voiced by him to the admission of evidence at the time of trial as constituting meritorious grounds for reversal on appeal. Defendant contended, on the other hand, that two witnesses were withheld because their testimony would have benefited his case. He also stated that Mr. Cenci withheld testimony favorable to the defense. Defendant also contended that his lack of education impaired his ability to communicate with his attorney who erroneously believed defendant to be guilty and mentally defective. This court made an independent examination of the record, and determined that it would not be helpful to defendant or this court to have appeal counsel appointed. (*People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42] ; *People* v. *Marsh,* 170 Cal.App.2d 284 [338 P.2d 495].)

 There was sufficient evidence of defendant's guilt of the offenses charged. Each of the victims testified that defendant was the person who had robbed him. This testimony was uncontradicted and was sufficient to support the verdict of the jury. (*People* v. *Kersey,* 154 Cal.App.2d 364, 367 [316 P.2d 52].) Each of the witnesses in the courtroom referred to defendant as being the person who participated in the robberies and this evidence was sufficient to identify defendant as the perpetrator of the crimes charged.

 The fact that there was no evidence that the pistol used by defendant during the robberies was actually loaded did not preclude the jury from finding that it was a deadly weapon. The manner in which defendant handled the weapon and his threats during the robberies were such as to support an inference that he was armed with a deadly weapon. (See *People* v. *Seawright,* 72 Cal.App. 414 [237 P. 796] ; *People* v. *Newman,* 102 Cal.App.2d 302, 306-307 [227 P.2d 470].)

The fact that defendant and his partner returned the wallet taken from Mr. Schiavone did not preclude a finding that he had been robbed. Penal Code, section 211, defines robbery as follows :

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

This requires the taking of personal property which is in the possession of another from his person or immediate possession but it is settled that although some asportation is required, the distance the property is taken may be very small.

(See *People* v. *Beal,* 3 Cal.App.2d 251, 253 [39 P.2d 504]; *People* v. *Clark,* 70 Cal.App.2d 132 [160 P.2d 553]; *People* v. *Quinn,* 77 Cal.App.2d 734 [176 P.2d 404]; *People* v. *Wellman,* 141 Cal.App.2d 101, 104 [296 P.2d 82].)

Defendant contends that two witnesses whose testimony would have been favorable to him were not subpoenaed and that their testimony was withheld. Apparently defendant refers to the two customers who entered Henry's Liquor Store during the robbery on October 26, 1959. Defendant also contends that Mr. Cenci withheld testimony which would have aided the defense. Although defendant states the full name of one of these customers and possible witnesses and the first name of the other, he does not describe the testimony which they would have given, nor does he state that he was aware of their names before the trial. No motion for a continuance of the trial to secure the attendance of prospective witnesses was made by the defense. From these facts we must conclude that defendant and his attorney did not desire to call these witnesses on behalf of the defense. ▆ Defendant cannot successfully contend that the failure of the prosecution to call these witnesses amounted to suppression of evidence.

▆ ". . . so long as there is fairly presented to the court the material evidence bearing upon the charge for which the accused is on trial. There is no requirement in either the federal or state constitution that all witnesses or persons who may have knowledge of the crime be produced in court or called to testify." (*People* v. *McCrasky,* 149 Cal. App.2d 630, 634-635 [309 P.2d 115].) See also *People* v. *Grey,* 180 Cal.App.2d 683 [4 Cal.Rptr. 561].

▆ Defendant's contention that the witness Cenci withheld testimony is also without merit. Defendant makes no attempt to describe the testimony which was withheld. Our examination of the record reveals that Cenci testified freely both on direct and cross-examination. The court did not curtail the cross-examination in any way. The mere assertion by defendant that the witness withheld evidence will be disregarded as unsupported by the record. (*People* v. *Mike,* 163 Cal.App.2d 466 [329 P.2d 519].)

Defendant now urges that his inability to express himself clearly convinced his counsel that he was guilty and mentally defective. The record of the proceedings of the trial does not bear out this contention. ▆ According to appearances this attorney conducted an able defense and defendant made no objection in the trial court to his counsel's actions. He

cannot now for the first time complain that the defense presented was inadequate. (*People* v. *Hartridge*, 134 Cal.App. 2d 659, 667 [286 P.2d 72]; *People* v. *Garrow*, 130 Cal. App.2d 75, 78 [278 P.2d 475].) After the jury's verdict had been received and the jury was excused, the court suggested that defendant might derive some benefit if a presentencing report were obtained from the probation officer. The defense attorney concurred in this procedure and also stated that in his opinion defendant was suffering from an emotional disturbance, although definitely not insane; defense counsel then requested that defendant be interviewed by the county psychologist, which request was taken under advisement by the court. No error resulted by reason of this request by the defense counsel and the court's disposition thereof.

Our examination of the record reveals no error in the rulings of the trial court. Defense counsel made no objection to the prosecution's claim of surprise at the testimony of Esquivel and to the impeaching testimony of the investigator. ■ It is a fundamental rule of appellate review that unless an objection is made in the trial court, the admissibility of evidence received will not be considered on appeal unless the error is of such a nature that an objection would not have obviated it. (*People* v. *Simmons*, 28 Cal.2d 699, 723 [172 P.2d 18]; *People* v. *Peters*, 96 Cal.App.2d 671, 678 [216 P.2d 145]; *People* v. *Alvidrez*, 158 Cal.App.2d 299, 300 [322 P.2d 557].) Under these circumstances defendant cannot successfully contend that the trial court committed error in admitting the impeaching evidence.

The record reveals that in every instance where the defense counsel objected to the admission of evidence his objection was sustained. The rulings of the court were proper and the evidence was sufficient to sustain the verdict.

The attorney general filed a memorandum opinion reviewing the evidence and possible legal questions that could be presented, and reached a similar opinion.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.