[Crim. No. 3869.   First Dist., Div. One.   June 27, 1961.]

THE PEOPLE, Respondent, v. WALLACE ROBISON, Appellant.

Robert M. Brilliant, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John L. Burton, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—This is the second case to come before us involving the activities of Officers Toomey and Higgins of the San Francisco police department and an informer named William Russell. (See *People* v. *Givens*, 191 Cal.App.2d 834 [13 Cal.Rptr. 157].) The appeal in the present case is from the judgment whereby defendant was convicted on two counts of an indictment charging the sale of heroin in violation of Health and Safety Code, section 11501, on February 29 and March 23, 1960. It is presented by court-appointed counsel.

The procedure of the officers and the informant was strikingly similar to that described in the opinion in *Givens*, and we therefore do not state it here in detail. Defendant contends that the evidence is insufficient to sustain the convictions. We find it sufficient as to the first count (February 29) but insufficient as to the second count (March 23).

In each instance, after the informer was searched, furnished with money, and "put on the street," he was under continuous surveillance by one or the other of the officers, who communicated with each other by "walkie-talkie" radio. Regarding each occasion, each officer testified that he did not see Russell have "physical contact" with anyone except defendant. The crucial evidence, however, is different as to the two incidents.

In the February 29 incident, the informer's peregrinations brought him to a point in front of the Eddy Hotel, accompanied by defendant and one Scott. Defendant went into the hotel; Russell and Scott remained on the street. They conversed, but there was no touching of one by the other. After a minute or two defendant returned, and there was a movement of hands—a meeting of hands—what appeared to be an exchange between Russell and defendant. Then Scott and defendant left, and the officer followed Russell, took him into his car, and was handed a bindle of heroin by him. A search revealed that Russell no longer had the money that had been given to him. These facts bring the case squarely within

the authorities and principles cited and discussed by us in *Givens*. The evidence was sufficient.

In the March 23 incident, the facts are similar up to the point where Russell entered a car driven by one Garrison and occupied by defendant. Defendant sat next to Garrison, and Russell next to defendant. The officer testified: "Q. Did you see anything taking place in the vehicle? A. No, I did not." Russell then left the car, was picked up by the officer and handed him a fragment of a red balloon, containing heroin. A search again revealed that the money supplied to him was gone.

This evidence is sufficient, in our opinion, to support an inference that Russell bought the heroin from Garrison or from defendant, but we can find nothing in the record that will support the further, and to us essential, inference that he bought from defendant and not from Garrison. The People had the burden of proof and they have not met that burden. *People* v. *Wilkins*, 178 Cal.App.2d 242 [2 Cal.Rptr. 908] and *People* v. *Fernandez*, 172 Cal.App.2d 747 [342 P.2d 309], support the conviction based upon the February 29 incident but not that based upon the incident of March 23. *People* v. *Taylor*, 159 Cal.App.2d 752 [324 P.2d 715] is not in point— there, the only person in the car besides the informer was the defendant; it was therefore proper to infer that the informer got the narcotic from the defendant; there was no one else from whom he could have obtained it. In *People* v. *Scott*, 170 Cal.App.2d 446 [339 P.2d 162], there was testimony by the other parties from whom the informer might have bought the narcotic which eliminated them as the source. In the case at bar, there is no such testimony. In *People* v. *Mateo*, 171 Cal. App.2d 850 [341 P.2d 768] and *People* v. *Gonzales*, 186 Cal. App.2d 79 [8 Cal.Rptr. 704], there was also other evidence pointing to the defendant as the seller. Not so in the case at bar. The fatal gap in this case brings it within the orbit of the decisions in *People* v. *Barnett*, 118 Cal.App.2d 336, 338-340 [257 P.2d 1041]; *People* v. *Morgan*, 157 Cal.App.2d 756 [321 P.2d 873]; *People* v. *Richardson*, 152 Cal.App.2d 310 [313 P.2d 651]; and *People* v. *Foster*, 115 Cal.App.2d 866 [253 P.2d 50].

At oral argument it was suggested that two things point to defendant rather than Garrison as the seller: (1) that defendant also made a sale to Russell on February 29, and (2) that Garrison was driving the car. Neither separately nor together are these enough. The record shows that Russell, while operat-

ing with the Toomey-Higgins team, made buys from at least fifteen people, as his activities produced fifteen arrests, and Garrison himself was known to one of the officers and had a record in the Bureau of Identification. Nor does the fact that Garrison, not defendant, was driving warrant an inference that defendant was the seller. It would be perfectly possible for Garrison to hand Russell a narcotic and receive money from him while driving.

█ Defendant also claims that he did not effectively waive trial by jury. As to this, the record reveals the following: "MR. NICCO: At this time the defendant desires to waive a jury trial. THE CLERK: Do you waive a trial by jury? THE DEFENDANT: Waive a trial by jury. THE CLERK: The consent of the District Attorney? MISS SCHNACKE: Yes." We think that this was an effective waiver, in words, and it was obviously so understood by the court. This is all that the Constitution, article I, section 7, requires. (See *People* v. *Brooks,* 154 Cal. App.2d 631, 634 [316 P.2d 435].) *People* v. *Pechar,* 130 Cal.App.2d 616 [279 P.2d 570], relied on by defendant, only requires that the waiver be in words. That requirement was met here.

The judgment of conviction under Count 1 of the indictment is affirmed; that under Count 2 is reversed.

Bray, P. J., and Tobriner, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 23, 1961.