[Crim. No. 8574. Second Dist., Div. Three. Aug. 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MELVIN EARL JOHNSON, Defendant and Appellant.

632

Morris Lavine for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert H. O'Brien, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Melvin Earl Johnson and Roddie Jamison Crooks were charged in two counts with two crimes of robbery, both offenses taking place on the same date. The victim in count I was George A. Simmons, a drugstore owner who was robbed of money and other personal property of a value of $705.30; the victim in count II was Harley Roehlk, a customer in the drugstore, from whom $5.00 was taken. Crooks withdrew his plea of not guilty to count I and pleaded guilty to that count. Johnson, being represented by counsel, admitted a prior conviction of burglary and the jury found him guilty of robbery in the first degree as to counts I and II and that on each occasion he was armed. His motion for a new trial and probation being denied, Johnson was sentenced to the state prison. He appealed from the judgment and noticed an appeal from the order denying motion for a new trial.

The appeal from the order denying his motion for a new trial is dismissed. (Pen. Code, § 1237.) ▆ On appeal from the judgment, appellant first contends that the evidence was insufficient to support the verdicts. His argument is in vain. It is based on the patently erroneous assumptions that the jury was bound to discredit the testimony of three witnesses, who identified him, for the reason that they viewed him for only a short space of time, and that the court was bound, on the other hand, to believe the testimony of Crooks, first given on Johnson's motion for a new trial, to the effect that the other person who participated in the offenses charged was not the codefendant, but rather was a certain "Johnny Jackson," of whom little was known save his name.

The robbery took place in the drugstore around 6:30 p.m. Crooks was arrested before he got away; Johnson was arrested several weeks later. The three witnesses were Mrs. Besark, a clerk, who opened the cash registers while Crooks threatened her with a gun. She saw Johnson holding a gun on Simmons, the owner of the store. Simmons sold Johnson an article and received payment. Roehlk, a customer, came in and with Mrs. Besark and Simmons was ordered into a rear

room at gunpoint. They were compelled to kneel down. Roehlk and Mrs. Besark were tied up. Roehlk and Simmons were robbed of the contents of their billfolds, $5.00 being taken from Roehlk. Of course the court was not required to believe the testimony of Crooks. (See *People* v. *McGraw,* 191 Cal.App.2d 876, 881, 883 [13 Cal.Rptr. 44].) The witnesses had ample opportunity to observe the robbers and they were positive in their identification of Johnson.

■ Appellant's further claim that the deputy district attorney wilfully suppressed evidence in not calling Crooks to the stand during the trial when he knew that Crooks would exonerate Johnson is refuted by the record which shows that the only counsel who was aware of this fact if, indeed, it was a fact, was appellant's attorney and not the deputy district attorney. The record further shows that before he pleaded guilty Crooks refused to testify for the defense as he thought it might hurt his own case.

■ Appellant next argues that, at best, the evidence revealed only attempts and not the completed offenses since the robbers were interrupted by the arrival of the police officers. This contention is without merit since property was taken from the victims, or from their immediate presence, against their will, and this was accomplished by means of force or fear. Money was taken from Roehlk and from the cash registers and watches were taken by Crooks. (See *People* v. *McGraw, supra,* 191 Cal.App.2d 876, 881, 883.) The fact that the officers arrived at the scene before Crooks escaped or that he did not leave the building is immaterial to the charge as the offenses were complete when the robbers took possession of the property. (See *People* v. *Clark,* 70 Cal.App.2d 132 [160 P.2d 553].)

The judgment is affirmed. The purported appeal from the order denying motion for new trial is dismissed.

Ford, J., and Files, J., concurred.