[Crim. No. 5991.   First Dist., Div. Three.   Nov. 30, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM C. HARTMAN, Defendant and Appellant.

Robert H. Betzenderfer, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Henning, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

BRAY, J.*—Appellant William C. Hartman appeals from judgment of conviction, after jury trial, of violation of section 211 of the Penal Code (robbery first degree armed with a deadly weapon).[1] Appellant is represented by appointed counsel.

### QUESTION PRESENTED

Effect of court's instruction that in the court's opinion appellant was guilty of the offense charged.

### EVIDENCE

At approximately 6:45 a.m. on July 5, 1966, appellants Hartman and Ialenti entered the Oasis Motel at the corner of Eddy and Franklin Streets in San Francisco. Desk clerk Robert Elliot was on duty at the time and was standing behind the reception desk. Both Hartman and Ialenti were armed and

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1] Appellant and one Ialenti were jointly convicted of the above named offense. Both appealed. However, Ialenti advised the court that he did not wish to proceed with his appeal and the appeal was dismissed.

Hartman stated upon entrance, "This is a holdup." Ialenti proceeded around the reception desk putting his pistol in his pocket in the process.

A discussion developed between Hartman, Ialenti and the desk clerk as to whether the cash drawer or the safe should be opened. The desk clerk informed them that he had no key for the safe. He opened the cash drawer at Ialenti's request and a sum of money was taken by Ialenti and placed in his pocket.

Immediately subsequent to the removal of the money from the cash drawer the desk clerk set off the silent burglar alarm, which alarm was received by the police.

Hartman insisted that a key was hidden under the desk which would open the safe and that yet another sum of money was available deposited under a filing cabinet on the premises. While Ialenti set about to search for the secreted key, Hartman began to search for the filing cabinet. While this search was going on, the police arrived. Hartman ran out a side door with his weapon drawn, and was apprehended immediately by Officer Joseph Lordan. Ialenti remained behind the reception desk and surrendered to Officer Timothy Cadigan after it became clear that Ialenti was with Hartman.

Ialenti was searched and a sum of $17 in paper money and $1.75 in change was removed from his right pants pocket. The arresting officer testified that at the time of the search Ialenti remained behind the reception desk in the proximity of the cash drawer.

Approximately one-half hour after the police took Hartman and Ialenti away from the motel, the desk clerk determined that $17 in currency had been taken. The amount missing was determined by deducting the amount of cash remaining from the cash with which the clerk had started the evening.

### THE COURT'S INSTRUCTION.

■ Appellant asked the court for an instruction along the following lines: "MR. PERASSO: May I ask Your Honor for an instruction along the following lines: That if the jury is not convinced beyond all reasonable doubt and to a moral certainty that the testimony of the clerk, Mr. Elliot — that money was indeed taken from the cash drawer, that as a matter of law this would be an attempt. THE COURT: There is no evidence to support an attempt here. I think they are guilty of robbery or guilty of nothing. MR. PERASSO: I understand that. THE COURT: I am not required to tell the jury to specu-

late on something that isn't supported by any view of the evidence, am I?'' The court refused to give such an instruction. It was and is appellant's theory that because the clerk did not know until a half hour or so after the robbery how much money was taken, the jury could infer that no money was taken and hence there was no robbery but merely an attempted robbery. There was no evidence which would have supported a finding of attempted robbery. The clerk testified that $17 in bills was taken and that he determined the exact amount taken by a process of subtraction from the amount of money with which the clerk started the evening. He stated that there were some coins in the drawer, but he could not tell whether any of them were taken. He testified that there was only $17 in the box in bills; that Ialenti took the $17 and put it in his pocket. When the police searched Ialenti they found $17 in bills and $1.75 in change. Under the evidence there could not have been a finding that Ialenti did not take some money from the cash drawer. The court fully instructed on the subject of armed robbery, and on the necessity of there being an asportation or taking away of the money in the instant case. ''The crime of robbery is complete when the robber unlawfully and by means of force or fear gains possession of the movable property of another in the presence of its lawful custodian and reduces it to his manual possession. His escape with the loot is not necessary to complete the crime. [Citation.]'' (*People* v. *Clark* (1945) 70 Cal.App.2d 132 [160 P.2d 553].)

█ The court instructed as follows: ''By the Constitution of California, a Judge of this Court presiding in the trial of an action is authorized within proper bounds to comment on the evidence and the testimony and credibility of any witness. *In the opinion of this Court, the evidence shows that the defendants here did commit the crime of robbery as charged in the Information, and that it was not attempted robbery.* I would caution you that it is your right and your duty to exercise the same independence of judgment in weighing my comment on the evidence as you are entitled to exercise in weighing the testimony of the witnesses and the argument of counsel. You will keep in mind that you are the sole judges of the credibility of the witnesses and of the questions of fact submitted to you. Such authority as a trial judge has to express his personal opinion upon any of these matters is confined to the sole purpose of aiding you in arriving at a verdict, and may not be used and is not used in this case to

impose his will upon you or to compel a verdict." (Italics added.)

In *People* v. *Brock* (1967) 66 Cal.2d 645, 649 [58 Cal. Rptr. 321, 426 P.2d 889], an identical instruction was given, except that the instruction there stated: " '*It is the opinion of the Court based on the evidence, that the guilt of the defendant . . . has been established beyond a reasonable doubt. . . .*' " instead of "In the opinion of this Court, the evidence shows that the defendants here did commit the crime of robbery as charged in the Information, and that it was not an attempted robbery" as used in the instruction in the instant case. In *Brock* the court held the instruction there given prejudicially erroneous as practically amounting to an instructed verdict and as providing "for the jury a means to avoid the preliminary determinations called for by the instructions of the law and instead to rely on the words of the judge in returning a conviction. This is not the kind of comment contemplated by the constitutional provision. Rather than aiding the jury in properly considering the case, such a comment may prevent it from doing so." (At p. 651.)

As said in *People* v. *Thompson* (1967) 252 Cal.App.2d 76, 93 [60 Cal.Rptr. 203], "In *Brock, supra,* the Supreme Court, although holding that the error there constituted prejudicial error, recognized that a comment on guilt is not necessarily prejudicial per se. . . . It is thus apparent that the Supreme Court not only deemed that such error did not violate any federal constitutional right, but also declined to follow the more rigid federal rule that it is improper for a trial judge to state that he believes the defendant guilty, unless the undisputed evidence establishes guilt. [Fn. omitted] (See *United States* v. *Murdock,* 290 U.S. 389, 393-394 [78 L.Ed. 381, 384, 54 S.Ct. 223]; *United States* v. *Woods,* 252 F.2d 334, 336 [and cases cited].) "

Here the evidence against the appellant was overwhelming. In fact, it was undisputed. He was apprehended at the scene of the crime with his gun in hand (Officer Lordon testified that when he arrived appellant was holding his gun on the desk clerk), and appellant had announced to the clerk on entering that it was a "holdup." The clerk testified that Ialenti put money from the cash box into his pocket. None of the evidence was contradicted. Under the federal rule that permits a trial judge to state that he believes the defendant guilty where the undisputed evidence establishes guilt, the comment here was permissible. In any

event, notwithstanding the judge's comment on guilt, upon an examination of the record in the case, it is inconceivable and improbable that a verdict other than that of guilt could have been rendered. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243] ; Cal. Const., art. VI, § 13.)

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.