[No. 20767.   Department One. — March 30, 1891.]

THE   PEOPLE, RESPONDENT, v.   JAMES   O'BRIEN, <span>88  483<br>103  511</span>
APPELLANT.

CRIMINAL LAW — JURY — VENIRE — SHERIFF'S RETURN — JUDGMENT ROLL —
RECORD UPON APPEAL. — The return of the sheriff upon the *venire* under
which a trial jury was summoned in a criminal case is not a part of the
judgment roll, and constitutes no part of the record upon appeal from
the judgment, when not incorporated in a bill of exceptions.

ID. — MISDESCRIPTION OF NAMES OF JURORS — UNIMPORTANT ERROR. — The
misdescription of the names of some of the jurors summoned to try the
cause in the return upon the *venire* is not ground for a new trial or for
arresting a judgment; and a mere dissimilarity of names, which may rest
wholly upon a clerical or typographical error, without any showing that
all the jurors who sat at the trial were not actually summoned, is not
ground for reversal of the judgment of conviction.

ID. — CHALLENGE OF JURORS — BILL OF EXCEPTIONS — MINUTES OF COURT —
CONFLICT IN RECORD. — Where the bill of exceptions states that the de-
fendant did not offer to challenge, and did not challenge, any of the
jurors, and the minutes of the court show that six jurors were peremp-
torily challenged by the defendant, the statement in the minutes will be
accepted, as true.

ID. — INSTRUCTION AS TO RIGHT OF CHALLENGE — ERROR WITHOUT PRE-
JUDICE. — Though it is error for the court to fail to instruct the de-
fendant that if he intends to challenge an individual juror when the
juror appears and before he is sworn, still if it appears from the record
that the defendant's rights were fully understood by him and his coun-
sel, and that the privilege of challenging jurors was actually exercised,
the error is without prejudice to any substantial right, and is not ground
for reversing the judgment of conviction.

ID. — ABSENCE FROM TRIAL OF CO-DEFENDANT — NEW TRIAL. — A showing
that a defendant accused of felony was absent from the trial of a co-de-
fendant, without any showing that he was absent from his own trial, is
not ground for a new trial.

ID. — ROBBERY — INSTRUCTION AS TO FEAR. — When the court, in its charge
upon the trial of a defendant accused of robbery, defines robbery as it is
defined in the Penal Code, and then explains the fear by means of which
the taking is constituted robbery, if the property is taken through its
influence, the explanation is proper, if there is evidence tending to show
that the taking of the property was accomplished by means of both force
and fear.

ID. — INSTRUCTION AS TO VERDICT — LARCENY. — Where the evidence all
tends to prove that the defendant, if guilty of any crime, is guilty of
robbery, an instruction to the jury that their verdict should be guilty or
not guilty, and omitting all reference to the question of larceny, is not
ground for reversal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The defendant, James O'Brien, was accused by information, jointly with Francis White, Matthew Sullivan, and James McCluskey, of the crime of robbery, committed upon one J. J. Merz, on the 15th of April, 1890. The defendant, O'Brien, was tried separately, and convicted of the offense charged. Further facts are stated in the opinion of the court.

*Carroll Cook,* and *J. C. Foulds,* for Appellant.

It appears affirmatively by the record that the defendant was tried by at least one, if not two, jurors who were never summoned as jurors in the case. (Code Civ. Proc., secs. 227, 246, 247, 600; Pen. Code, sec. 1041, 1042, 1046; *People* v. *Scoggins,* 37 Cal. 676; *People* v. *Russell,* 46 Cal. 121; *People* v. *O'Neil,* 48 Cal. 257; Const. Cal., art. 1 sec. 7; *Cancemi* v. *People,* 18 N. Y. 129.) It appears by the record that at the time the judgment was pronounced the defendant was not informed by the court of the nature of the charge against him, or of his plea, or of the verdict of the jury, all of which should have been done before any legal judgment could be pronounced. (Pen. Code, secs. 1200, 1207; *Ex parte Gibson,* 31 Cal. 626–629; *Ex parte Murray,* 43 Cal. 455; *Ex parte Raye,* 63 Cal. 492; *People* v. *Gaines,* 52 Cal. 480.) The record shows affirmatively that the jury was impaneled without the court having instructed the defendant of his right to challenge the jurors, which instruction is required by the law of this state. (Pen. Code, sec. 1066; *People* v. *Mortier,* 58 Cal. 262–266.) Defendant's motion for a new trial, upon the ground that he was not present at every stage of the proceedings in the action, should have been granted. (Pen. Code, secs. 1043, 1181; *Benton* v. *State,* 30 Ark. 328–348; *State* v.

*Bertin,* 24 La. Ann. 46; *Eastwood* v. *People,* 3 Park. Cr. 25; 3 Wharton on Criminal Law, 7th ed.; *Dougherty* v. *Com.,* 69 Pa. 286; *Dunn* v. *Com.,* 6 Pa. St. 385; *State* v. *Hurlbert,* 1 Root, 90; *Sneed* v. *State,* 5 Ark. 431; 41 Am. Dec. 102; *Peters* v. *State,* 39 Ala. 681; *Son* v. *People,* 12 Wend. 348; *West* v. *State,* 2 Ala. 212; *People* v. *State,* 1 Park. Cr. 360; *People* v. *Winchell,* 7 Cow. 525; *People* v. *Trim,* 37 Cal. 274; *People* v. *Stuart,* 4 Cal. 218; Const. Cal., art. 1, sec. 13; *People* v. *Green,* 53 Cal. 62; *State* v. *Sanders,* 68 Mo. 202; 30 Am. Rep. 782; *Smith* v. *State,* 42 Tex, 444; *Carroll* v. *State,* 5 Neb. 31; Wharton's Criminal Practice and Pleading, 8th ed., sec. 707; 1 Greenl. Ev., sec. 366; *Maurer* v. *People,* 43 N. Y. 1; *Prime* v. *Com.,* 18 Pa. St. 103; *People* v. *Kohler,* 5 Cal. 72; Cooley's Constitutional Limitations, 5th ed., sec. 319; *People* v. *Higgins,* 59 Cal. 357; *Cole* v. *State,* 10 Ark. 578; *Sweeden* v. *State,* 19 Ark. 209; *People* v. *Bush,* 68 Cal. 623.) A new trial should have been granted the defendant, upon the ground that the verdict was contrary to law. A verdict contrary to the charge of the court is contrary to law. In its charge, the court attempts to define the fear that will constitute robbery. There is not a particle of evidence in the case to the effect that any such fear existed. (Pen. Code, sec. 1181.) The definition of robbery given by the court, in its charge, was calculated to confuse the jury, and it is impossible to determine from it what was the correct definition of the crime with which the defendant was charged. (*People* v. *Monahan,* 59 Cal. 389; *People* v. *Hurley,* 57 Cal. 145.) The law requires that the court shall charge the jury upon all matters of law necessary for their information. The court must charge them upon the law of the case. This was not done by the court in this case. The law relative to what would constitute the force necessary to justify conviction of robbery was not stated to the jury. (Pen. Code, sec. 1127; Cal. Const., art. 6, sec. 19; *People* v. *Ybarra,* 17 Cal. 166.) It was error for the court to

charge the jury as follows, viz: "In this case, gentlemen, your verdict will be either guilty or not guilty." (Pen. Code, sec. 1159; *People* v. *Fine,* 53 Cal. 264; *People* v. *Davidson,* 5 Cal. 133; *Ex parte Ah Cha,* 40 Cal. 426; *People* v. *Congleton,* 44 Cal. 94; *People* v. *Nelson,* 56 Cal. 77–80; *People* v. *Holland,* 59 Cal. 364; *People* v. *Maxwell,* 24 Cal. 14.)

*Attorney-General Hart,* for Respondent.

The presumption of law is, that the jury was properly obtained. (Code Civ. Proc., sec. 1963, subds. 15, 33.) The recitals in the judgment satisfy all the requirements of section 1200 of the Penal Code, it appearing from the recitals that defendant and his counsel were present in court; that defendant was informed of the nature of the charge against him, i. e., that he had been charged by information with a felony, to wit, robbery; that he was informed of his arraignment, plea, trial, and verdict; and that he was then asked if he had any legal cause to show why judgment should not be pronounced against him. (Pen. Code, sec. 1200; *People* v. *Jung Qung Sing,* 70 Cal. 471.) Defendant complains that the court did not instruct him as to his right to challenge jurors, although he had already peremptorily challenged six; but the exercise of the right is conclusive against defendant. (*People* v. *Goldenson,* 76 Cal. 347; *People* v. *Mortier,* 58 Cal. 266.) The presence of defendant during the entire trial is presumed, and he must prove his absence. (*People* v. *Stuart,* 4 Cal. 218.) When the verdict was rendered, the court ordered the defendant to appear for sentence on a future day. (*People* v. *Jung Qung Sing,* 70 Cal. 472.) The court defined robbery in the language of the code. (Pen. Code, secs. 211, 212; 2 Bishop on Criminal Law, sec. 1174.) The charge was full and fair. If defendant desired any specific charges, he should have requested them. (*People* v. *Flynn,* 73 Cal. 511; *People* v. *Marks,* 72 Cal. 46; 2 Am. & Eng. Ency. of Law, 258; Hayne on New

Trial, sec. 120.)   There being no evidence of larceny, defendant was not entitled to an instruction on larceny. (*People* v. *Gannon*, 61 Cal. 476; *People* v. *Robinson*, 65 Cal. 136; *People* v. *Riley*, 65 Cal. 107; Hayne on New Trial, sec. 122.)

SHARPSTEIN, J.—One point presented by the brief of appellant's counsel is, "that the defendant was tried by at least one, if not two, jurors who were never summoned as jurors in the case."

The two jurors who are alleged to have sat upon the jury without being summoned were G. H. Ganivan and Theo. Zina.   Among the names of those duly summoned, the two which most nearly resemble the two above mentioned were G. H. Garwin and Theo. Zena.   How a person whose name was not upon the list of those summoned by the sheriff could be called, accepted, sworn, and permitted to sit as a juror in the trial of a case is not explained.   Nor is it shown that the person who sat as a juror was not the person summoned, or that the apparent difference in the names was not caused by a clerical or typographical error.

We think the return of the sheriff upon the *venire* constitutes no part of the record, and if not, it is not properly before us.   The judgment roll, which will constitute a record of the action, consists of,—

"1. The indictment or information, and a copy of the minutes of the plea or demurrer;

" 2. A copy of the minutes of the trial;

" 3. The charges given or refused, and the indorsements thereon; and

"4. A copy of the judgment."   (Pen. Code, sec. 1207.)

No one will contend, we think, that the return of the sheriff upon a *venire* could be included in either of these enumerations, unless it be within the second, as a part of " the minutes of the trial."   And as the minutes of the trial are a memorandum of what takes place in

court, they would not properly include the acts of the sheriff in the service of process.   What he did would appear in his return upon the process, which would constitute no part of the minutes of the court.   There is no definition of the minutes of a court that would include a sheriff's return upon the process placed in his hands for service.   But if it did constitute a part of the record, we are not prepared to hold that it would constitute a sufficient ground for reversing the judgment.   It is not a ground for granting a new trial or arresting a judgment. (*People* v. *Fair*, 43 Cal. 137.)   Here a mere dissimilarity of names is alone relied on.   In no other way is it made to appear that all the jurors who sat at the trial were not actually summoned.   The point raised here may rest wholly upon a clerical or typographical error, which could not have affected or prejudiced in any manner the rights of appellant.   Upon such a showing we could not, according to established principles, reverse the judgment.

Another point presented by appellant's brief is, that " it appears by the record that at the time the judgment was pronounced the defendant was not informed by the court of the nature of the charge against him, or of his plea,' or of the verdict of the jury."

The recitals in the judgment show that the defendant was informed of all these things, and it nowhere appears in the record that he was not.   This point appears to be based upon a misconception of the record.

The code provides that " before a juror is called, the defendant must be informed by the court, or under its direction, that if he intends to challenge an individual juror he must do so when the juror appears, and before he is sworn."   (Pen. Code, sec. 1066.)

In the bill of exceptions we find the following: " The court, without instructing the defendant as to his right to challenge the jurors, proceeded to and did impanel a jury, said defendant O'Brien not offering to challenge,

and not challenging, any of said jurors." It appears by the minutes of the court, which constitute a part of the record, that twelve persons, whose names are given, were drawn, sworn, and examined, and that six of them, whose names are given, were "peremptorily challenged by defendant," and three of them, whose names are given, by the people. This seems to conflict with the statement in the bill of exceptions, that the defendant did not challenge any of said jurors. We shall accept the statement in the minutes as true, and dispose of the point as a similar one was disposed of in *People* v. *Mortier*, 58 Cal. 262, in which the court said: —

"The next point in the case is, that the failure of the court to instruct the prisoner upon his rights as to challenging jurors was error. It is true that section 1066 of the Penal Code does provide that 'before a juror is called, the defendant must be informed by the court, or under its direction, that if he intends to challenge an individual juror he must do so when the juror appears and before he is sworn.' The object of this provision of the law is to protect the rights of the defendant, in the matter of challenging jurors. He should be informed of the fact that if he desires to challenge any particular juror, he must exercise that right before the juror is sworn; but it appears from the record in this case that the defendant's rights in this respect were fully understood by him and his counsel, and the privilege of challenging jurors was exercised, to a large extent, in the case. It is true that the court omitted a duty imposed by law, but it clearly appears that the defendant was not in any manner prejudiced by the error complained of; and such being the case, the omission of the court in the matter referred to constitutes no sufficient ground for reversing the judgment. 'After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.' " (Pen. Code, sec. 1258.)

One of the specified grounds of the motion for a new trial is the following: "That defendant was not present at every stage of the proceedings in said action."

A defendant against whom a verdict has been rendered is entitled to a new trial "when the trial has been had in his absence, if the indictment is for felony." (Pen. Code, sec. 1181.)

The defendant does not state in his affidavit that *his* trial was had in his absence, but states that he was not present at the trial of his co-defendant, Sullivan, and that his, O'Brien's, trial was continued when he was not present in court. The affidavit fails to show that the trial (his own trial) was had in his absence, and therefore fails to show any ground for a new trial, as the code clearly excludes all other grounds than those enumerated in said section. (*People* v. *Fair*, 43 Cal. 137.)

The court, in its charge, defined robbery as it is defined in the Penal Code, and then explained the fear, by means of which, if property is taken through its influence, it will constitute the taking robbery. The contention of appellant's counsel is, that there is no evidence of the existence of any such fear at the time of the alleged taking of the property in this case, and therefore that the verdict is contrary to the charge of the court, and against law.

We think there is some evidence tending to show that the taking of the property in this case was accomplished by means of both force and fear. As we view it, there is nothing in the definition of robbery as given by the court, in its charge, that was calculated to confuse the jury, and we think it is easy to determine, from the charge, the correct definition of the crime with which the defendant was charged. There is no misdirection in the charge, and we think the court charged the jury upon all matters of law necessary for their information.

The court, in its charge, instructed the jury that their verdict would be "guilty or not guilty." Appellant's

counsel insists that it was error to so instruct the jury, because, he says, "the crimes of grand and petit larceny are both included in the offense charged against the defendant, and it was the province of the jury to determine from the evidence whether the elements which would constitute it the crime of robbery existed or not." The evidence all tended to prove that the defendant, if guilty of any crime, was guilty of robbery. (*People* v. *Madden*, 76 Cal. 521.)

We are satisfied that the evidence is sufficient to justify the verdict, and that the court below did not err in denying the motion for a new trial on the ground that it was not.

Judgment and order affirmed.

De Haven, J., and McFarland, J., concurred.

Hearing in Bank denied.