[Crim. No. 280. Fourth Appellate District.—December 20, 1934.]

THE PEOPLE, Respondent, v. WILLIS LEE BEAL et al., Appellants.

M. W. Conkling for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendants were jointly charged by an information filed by the district attorney of San Diego County with the offenses of robbery, and assault with a deadly weapon, committed on the ninth day of August, 1934. Both defendants were convicted on both counts and sentenced to confinement in the state penitentiary, with the sentence on each count running consecutively. This appeal is taken from the judgments and from the orders denying their motions for new trial.

Defendants urge the single ground for a reversal of the judgments and orders that the evidence does not support the verdicts and judgments finding them guilty of

robbery in the first degree. They admit that the evidence is sufficient to support their convictions of attempted robbery and assault with a deadly weapon.

The evidence shows that the defendants in company with Pete Aguinaldo drove to the front of the branch of the Bank of America in the city of La Mesa. Aguinaldo remained in the car while defendants entered the bank. They approached window number two behind which H. A. Hall was standing and one of them asked concerning the transfer of some money from El Centro. Hall knew nothing of such a transfer and asked Mr. Van Dorn, another employee, about it. Hall started towards his office when he heard a voice saying, "Stick 'em up." Both defendants were armed and Marcelo had Hall "covered". Marcelo ordered the three employees of the bank to lie down on the floor, which they did. He scooped the money at window number two into a sack, then ordered Hall to open the money chamber of the vault. Hall obeyed and Marcelo added the money taken from the vault to that already in his sack, which made a total of about $5,000. He made Hall again lie down on the floor and had moved about thirty feet towards the gate leading to the lobby of the bank when he tripped and fell. The employees of the bank pounced upon him and one of them knocked him unconscious with a blow from the butt of a revolver. The sack split open during the struggle and the money was scattered over the floor from whence it was recovered and returned to the bank. Marcelo was arrested inside the bank.

At some time during the latter part of the robbery Mrs. Ida Andermatt entered the bank and approached a teller's window to make a deposit. She felt the presence of someone behind her and turned to find Beal pointing a revolver at her ribs. She was so frightened that she screamed and slapped Beal's face. Beal struck her over the head with his revolver, cutting a gash in her scalp and knocking her to the floor. Beal ran from the bank and was arrested a short distance away. During the mêlée in the bank Aguinaldo drove away and was later apprehended.

Appellants admit that the evidence is sufficient to sustain the conviction of assault with a deadly weapon and that it shows them guilty of attempted robbery. They maintain that it is not sufficient to sustain the conviction of robbery because the money was not taken from the imme-

diate possession of its lawful custodian. This contention is based on the language of section 211 of the Penal Code, which is as follows: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

They argue that the words "taking of personal property . . . from his . . . immediate presence" must be construed as meaning the taking of personal property in the immediate presence of the lawful possessor and taking it out of and completely away from the presence of such person. From this they contend that as Marcelo took the money from the immediate presence of the employees of the bank but was apprehended before he carried it outside of the room in which the bank was located, he did not take it from their immediate presence and that appellants could be convicted of nothing more serious than an attempt to commit robbery.

We cannot agree with the contention of appellants nor can we presume that the legislature intended that we put any such strained and unreasonable construction upon the language of this section. The crime of robbery is complete when the robbers without lawful authority and by means of force or fear obtain possession of the personal property of another in the presence of its lawful custodian and reduce it to their manual possession. It is not necessary that, to complete the crime, they carry it out of the physical presence of the lawful possessor or make their escape with it.

The judgments and orders appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.