THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL TORRES ROSARIO, Defendant and Appellant.

No. CR-62-399.     Decided October 2, 1963.

*Alfredo Alvarez Linares* counsel appointed by the Supreme Court to assist defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant was convicted by a jury and sentenced to serve from two to five years in the penitentiary for the commission of a crime of robbery, consisting in that "on or about September 19, 1959, in Santurce, Puerto Rico . . . he unlawfully, wilfully, and maliciously, took from the person of Israel del Valle Román a wallet containing the sum of $51, money in United States legal tender, and personal documents, in his immediate presence, against his will and by means of force, intimidation and violence."

In this appeal he assigns as first error the admission in evidence by the trial court of the dagger which it is alleged defendant used to intimidate the victim Israel del Valle Román.

■ He maintains that said dagger was not duly identified. He is not right. The identification of said instrument was fully established by the testimony of the victim Israel del Valle. Let us turn to the record.

". . . Then, while I was driving at quite a moderate speed the defendant came near me from the back seat with a table knife having a steel blade and metal handle and put it on my neck. Then he said, 'This is a holdup. To Caguas.' At the same time he did like this and he took out my wallet.

.    . .    .    .    .    .    .    .

Q. What is this I am showing you?
A. That is it.
Judge:
Q. How?
A. The knife is this. It had a steel blade.

Prosecuting Attorney:

Q. Had you seen that knife before today?

A. Yes, sir, the day the defendant put it here on my neck, and also at the Prosecuting Attorney's office."

Witness had no doubt, as appellant states, that the knife shown by the Prosecuting Attorney was the same one which was shown to the Justice of the Peace of Trujillo Alto. Witness' doubt was about the person who took the knife to said justice of the peace, as clearly revealed by the transcript of evidence.

In the second assignment error is charged that the trial court did not give the jury instructions on the crime of attempted robbery.

The only evidence which the jury had before it was the evidence of The People since the defense waived the only witness he intended to use.

Witness Del Valle Román had testified that on September 19, 1958 he worked as a taxi driver of the Imperial Company and he drove over the San Juan, Santurce, and Río Piedras area. Upon being examined by the Prosecuting Attorney, he continues saying:

"Q. Where did you meet Miguel Torres Rosario that night of September 19, 1959?

A. On Brau Street, in San Juan.

Q. What happened?

A. He was coming down Brau Street, here, by the City Hall, and defendant told me to stop. He took my taxi and he sat on the back seat. Then he told me, 'To Barrio Obrero.' I did so. On reaching Nin Street, he told me, 'Down this way,' that is, toward Rexach Avenue. That street was in a bad condition and I slowed down the vehicle. Then, while I was driving at a moderate speed the defendant came near me from the back seat with a table knife having a steel blade and a metal handle and he put it on my neck. Then he told me, 'This is a holdup. To Caguas.' At the same time he did like this and he took out my wallet.

Q. From where did he take it?

A. From this side, from the shirt's pocket.

Q. From the right side?

A. Yes, sir. Then I applied the brakes of the car. The car stopped and he told me. . . .

Q. What was inside the wallet?

A. It contained fifty one dollars and it also had my license, another license which I have and several documents." (Tr. Ev. 4, 5.)

This witness continued testifying that on applying the brakes the motor switched off and that then to avoid being wounded he grasped the knife by the point and he also grasped his hand, jumped to the back seat and he began to struggle with defendant until a man came and took the knife away; that both were hurt. Then he sent for the police; that those events occurred about 11 p.m.; that when the police came a detective asked for his driver's license and when he searched for the wallet he told him he did not have it. They went to the taxi and the wallet was trapped in the back seat, he examined it and found that the money and the documents were complete.

Appellant maintains that because of the resistance opposed by the victim the consummation of the crime of robbery was frustrated because the wallet was not possessed by the defendant, and consequently, that the crime committed was an attempted robbery and that the court should have given instructions to the jury on this crime.

■ Defendant did not require such instructions to be given, although this circumstance would not preclude us from considering the question, if the omission of that instruction constituted a fundamental error. *People* v. *Alsina*, 79 P.R.R. 44 (1956); *People* v. *Negrón*, 79 P.R.R. 279 (1956).

The crime of robbery consists in the felonious taking of personal property in the possession of another, from his person, or immediate presence and against his will, accom-

plished by means of force or fear. Section 238 of the Penal Code, 33 L.P.R.A. § 851.

■ An essential element of the crime of robbery is the *appropriation* of the personal property taken. This element is also present in the crime of larceny. In both crimes The People is required to prove the taking and the appropriation of the property by the defendant.

In connection with the crime of larceny, we decided in the cases of *People* v. *López*, 42 P.R.R. 948 (1931), and *People* v. *Laguer*, 42 P.R.R. 878 (1931), that the taking of another's goods out of the place where they were put, though the taker be detected before they are actually carried away, is larceny; that to take a thing from a person it is necessary that the taker should at some particular moment have adverse possession of the thing, though this independent and absolute control needs endure only for an instant.[1]

■ This rule of the temporary "appropriation" or for few moments of the goods taken, has been considered in California and other jurisdictions sufficient to consider the crime of robbery completed when the goods are taken from the person to whom they belong or in his immediate presence and against his will, accomplished by means of violence or intimidation. *People* v. *Beal*, 39 P.2d 504; *People* v. *Clark*, 160 P.2d 553; *People* v. *James*, 66 P.2d 461; *People* v. *Wellman*, 296 P.2d 82; *People* v. *Wallace*, 97 P.2d 256; *People* v. *Sheasbeg*, 255 Pac. 836; *Neal* v. *State*, 14 N.E.2d 590; *Adams* v. *Commonwealth*, 154 S.W. 381; 46 Am. Jur. 141, § 6 (Robbery).

It is true that in California and in other states it has also been maintained, in applying the rule known as *"felony murder rule,"* that the perpetration of the crime of robbery

---

[1] See, also, *People* v. *Thompson*, 322 P.2d 489 (Cal.); *People* v. *Dukes*, 60 P.2d 197 (Cal.); *State* v. *Fairbanks*, 370 P.2d 497; *Caruso* v. *State*, 326 S.W.2d 434; *Arthur* v. *State*, 93 So.2d 793; Annotations, 144 A.L.R. 1383.

is not completed the moment the goods taken are in the possession of the robber. *People* v. *Young*, 29 Cal. Rptr. 595; *State* v. *Fourquette*, 221 P.2d 404. The rule is to the effect that the *appropriation* and the act of taking with him the goods stolen is a continuous transaction, and the escape of the robber with the goods taken is as important to the execution of the robbery as gaining possession of the property. It is likewise maintained that the acts immediately preceding and following the taking and closely connected with it, form part of the same transaction, or as some decisions state, they are the *res gestae* of the crime of robbery. As incidental of this rule it has been maintained that the robber who while escaping from the place where he performed the criminal taking kills one of his followers, commits murder in the first degree under the *"felony murder rule"* because in such case the death occurred while a robbery was being perpetrated. However, the very cases which establish the previous rule admit that in the crimes of robbery it is sufficient that the appropriation of the goods taken be proved, although said appropriation be for a few moments. See *People* v. *Young, supra.* This is the rule we should apply to the present case.

■ The evidence established a crime of robbery and not an attempt to commit said crime. Defendant, by means of intimidation, took from the taxi driver's pocket a wallet containing money and personal documents. He deprived the owner, though momentarily, of the possession of said goods and obtained the absolute possession of them even though for a few moments. The fact that the struggle which the victim had with the defendant prevented him from escaping with the wallet taken, does not change the crime committed into an attempt to commit robbery. *People* v. *Beal*, 39 P.2d 504, 3 C.A.2d 251; *People* v. *Quin*, 176 P.2d 404, 71 C.A.2d 18.

[6] If the evidence tends to show that defendant, if found guilty, is guilty of robbery, the instruction given by

the judge to the jury that their verdict should be guilty of the offense of robbery or not guilty, is not erroneous. *People v. Bryan*, 266 Pac. 972, 91 C.A. 189; *People* v. *O'Brien*, 26 Pac. 362, 88 Cal. 483; *People* v. *Griffin*, 96 P.2d 989, 336 C.A.2d 59.

█ Finally, we shall point out that a careful study of the record and considering all the circumstances appearing therefrom, the allegation that defendant was not adequately represented by counsel lacks merit.

The judgment appealed from will be affirmed.