EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL TORRES ROSARIO, acusado y apelante.

*Número:* CR-62-399    *Resuelto:* 2 de octubre de 1963

*Alfredo Alvarez Linares,* abogado designado por el Tribunal Supremo para ofrecer asistencia legal, en apelación, al acusado apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante fue convicto por un jurado y sentenciado a cumplir de dos a cinco años de presidio, por la comisión de un delito de robo consistente en que "allá para el día 19 de septiembre de 1959 y en Santurce, Puerto Rico, . . ., ilegal, voluntaria y maliciosamente, sustrajo de la persona de Israel del Valle Román una cartera conteniendo la suma de $51.00 en moneda del cuño americano y documentos personales, en su inmediata presencia en contra de su voluntad y por medio de la fuerza, de la intimidación y la violencia".

En este recurso señala como primer error la admisión en evidencia por el tribunal de instancia del puñal que se alega

usó el acusado para intimidar al perjudicado Israel del Valle Román.

■ Sostiene que dicho puñal no fue debidamente identificado. No tiene razón. La identificación del aludido instrumento quedó establecida plenamente por el testimonio del perjudicado Israel del Valle. Veamos el récord.

". . . Entonces, mientras yo iba a una velocidad bastante moderada el acusado se pegó hacia mí desde el asiento de atrás con un cuchillo de mesa de hoja blanca y cabo de metal y me lo puso en el cuello. Entonces me dijo, 'Esto es un asalto. Dale para Caguas.' Al mismo tiempo hizo así y me sacó la cartera.

.    .    .    .    .    .    .    .

P. ¿Qué es esto que yo le muestro a usted?
R. Ese es.
Juez:
P. ¿Cómo?
R. El cuchillo es éste. Era de hoja blanca.
Fiscal:
P. ¿Había usted visto ese cuchillo antes del día de hoy?
R. Sí, señor, el día que el acusado me lo puso aquí en el cuello, y además en Fiscalía."

El testigo no dudó, como afirma el apelante, que el cuchillo mostrado por el Fiscal fuera el mismo que se mostró al Juez de Paz de Trujillo Alto. La duda del testigo era sobre la persona que llevó el cuchillo al indicado Juez de Paz, según se desprende claramente de la transcripción de la evidencia.

En el segundo señalamiento se imputa error al tribunal de instancia al no dar instrucciones al jurado sobre el delito de tentativa de robo.

La única prueba que tuvo ante sí el Jurado fue la de cargo ya que la defensa renunció al único testigo que pensaba utilizar.

El testigo del Valle Román había declarado que para el día 19 de septiembre de 1958 trabajaba como conductor de un taxi de la Compañía Imperial y recorría el área de San

Juan, Santurce y Río Piedras. A preguntas del Fiscal continúa diciendo:

"P. ¿Dónde encontró usted al señor Miguel Torres Rosario esa noche del 19 de septiembre de 1959?

R. En la calle Brau, en San Juan.

P. ¿Qué sucedió?

R. Venía por la calle Brau, por aquí, por la Alcaldía, y el acusado me mandó a parar. Abordó mi taxi y se montó en el asiento trasero. Luego me dijo, 'Dale para Barrio Obrero.' Así yo lo hice. Al llegar a la calle Nin me dijo, 'Por aquí para abajo', o sea hacia la avenida Rexach. Aquella calle estaba un poco defectuosa y reduje un poco la marcha del vehículo. Entonces, mientras yo iba a una velocidad bastante moderada el acusado se pegó hacia mí desde el asiento de atrás con un cuchillo de mesa de hoja blanca y cabo de metal y me lo puso al cuello. Entonces me dijo, 'Esto es un asalto. Dale para Caguas.' Al mismo tiempo hizo así y me sacó la cartera.

P. ¿De dónde se la sacó?

R. De este lado, del bolsillo de la camisa.

P. ¿Del lado derecho?

R. Sí, señor. Entonces yo pegué el freno del carro. Se paró el carro y me dijo . . . .

P. ¿Qué contenía la cartera?

R. Contenía cincuenta y un pesos y también tenía mi licencia, otra licencia que yo poseo y varios documentos." (T.E. págs. 4 y 5.)

Siguió declarando este testigo que al apretar los frenos el motor se apagó y que entonces para evitar ser herido agarró el cuchillo por la punta y también le agarró la mano, saltó al asiento de atrás y comenzó un forcejeo con el acusado hasta que llegó un señor y pudo quitarle el cuchillo; que ambos salieron heridos. Luego mandó a buscar a la policía, que esos hechos ocurrieron como a las once de la noche; que cuando llegó la policía un detective le pidió la licencia de chofer y al buscar la cartera la dijo que no la tenía. Fueron al taxi y la cartera estaba pillada en el asiento de atrás, la examinó y encontró que el dinero y los documentos estaban completos.

Sostiene el apelante que debido a la resistencia opuesta

por el perjudicado se frustró la consumación del delito de robo ya que la cartera no llegó a ser poseída por el acusado, en su consecuencia, que el delito cometido fue uno de tentativa de robo y que el Tribunal debió darle instrucciones al jurado sobre este delito.

■ El acusado no solicitó que se dieran tales instrucciones aunque esta circunstancia, no nos impediría considerar la cuestión, si la omisión de esa instrucción constituyera un error fundamental. *Pueblo* v. *Alsina,* 79 D.P.R. 46 (1956); *Pueblo* v. *Negrón,* 79 D.P.R. 296 (1956).

El delito de robo consiste en el acto de apoderarse criminalmente de bienes muebles pertenecientes a otro, ya sustrayéndolos de su persona, ya en su inmediata presencia y contra su voluntad, por medio de la violencia o de la intimidación. Art. 238 del Código Penal, 33 L.P.R.A. sec. 851.

■ Un elemento integrante del delito de robo es la *apropiación* de los bienes muebles sustraídos. Este elemento se encuentra presente también en el delito de hurto. En ambos delitos el Pueblo viene obligado a probar la sustracción y la apropiación de los bienes por el acusado.

En relación con el delito de hurto, decidimos en los casos de *Pueblo* v. *López,* 42 D.P.R. 975 (1931) y *Pueblo* v. *Laguer,* 42 D.P.R. 915 (1931), que la sustracción de bienes pertenecientes a otra persona del sitio en que fueron colocados, aunque el que se los lleva sea sorprendido antes de que los objetos sean realmente transportados es hurto; que para sustraer un objeto de una persona es necesario que el que sustrae tenga en determinado momento la posesión adversa de la cosa aunque este dominio independiente y absoluto solamente necesita durar un instante. (¹)

_____

(¹) Véanse además, *People* v. *Thompson,* (Cal.) 322 P.2d 489; *People* v. *Dukes,* (Cal.) 60 P.2d 197; *State* v. *Fairbanks,* 370 P.2d 497; *Caruso* v. *State,* 326 S.W.2d 434; *Arthur* v. *State,* 93 So.2d 793; Anotaciones en 144 A.L.R. 1383.

■ Esta doctrina de la "apropiación" temporal o por breves instantes de los bienes sustraídos, se ha considerado en California y otras jurisdicciones, suficiente para que se considere cometido el delito de robo cuando los bienes se sustraen de la persona a quien pertenecen o en su inmediata presencia y contra su voluntad, por medio de la violencia o de la intimidación. *People* v. *Beal*, 39 P.2d 504; *People* v. *Clark*, 160 P.2d 553; *People* v. *James*, 66 P.2d 461; *People* v. *Wellman*, 296 P.2d 82; *People* v. *Wallace*, 97 P.2d 256; *People* v. *Sheasbeg*, 255 Pac. 836; *Neal* v. *State*, 14 N.E.2d 590; *Adams* v. *Commonwealth*, 154 S.W. 381; 46 Am. Jur. (Robbery) pág. 141, Sec. 6.

Es cierto que en California y en otros estados se ha sostenido también, al aplicar la regla conocida como *"felony murder rule"*, que la perpetración del delito de robo no se completa en el momento en que los bienes sustraídos están en posesión del ladrón. *People* v. *Young*, 29 Cal. Rptr. 595; *State* v. *Fourquette*, 221 P.2d 404. La doctrina es al efecto de que la *apropiación* y el acto de llevarse consigo los bienes sustraídos es una transacción continua y que tan importante es para el ladrón en la ejecución del robo, su fuga con los bienes sustraídos como el haber adquirido posesión de ellos. Se sostiene así mismo que los actos inmediatamente anteriores y posteriores a la sustracción, e íntimamente relacionados con ésta, forman parte de la misma transacción, o como dicen algunas decisiones, son el *res gestae* del delito de robo. Como consecuencia de esta doctrina se ha sostenido que comete asesinato en primer grado, bajo el *"felony murder rule"*, el ladrón que mientras huye del sitio donde realizó la sustracción criminal, da muerte a uno de sus perseguidores por considerarse en tal caso que la muerte ocurrió mientras se perpetraba un robo. Sin embargo, los propios casos que establecen la anterior doctrina admiten que en los delitos de robo, es suficiente que se pruebe la apropiación de los bienes sustraídos, aunque dicha apropiación sea por breves instantes. Véase

*People* v. *Young,* supra. Esta es la doctrina que debemos aplicar al presente caso.

■ La prueba estableció un delito de robo y no una tentativa para cometer dicho delito. El acusado, por medio de la intimidación sustrajo del bolsillo del conductor del taxi una cartera conteniendo dinero y documentos personales. Privó, aunque momentáneamente, de la posesión de dichos bienes a su dueño y obtuvo la posesión absoluta de los mismos aunque por breves instantes. El hecho de que debido a la lucha que el perjudicado sostuvo con el acusado impidiera a éste escapar con la cartera sustraída, no convierte el delito cometido en uno de tentativa de robo. *People* v. *Beal,* 39 P.2d 504; 3 C.A.2d 251; *People* v. *Quin,* 176 P.2d 404; 71 C.A.2d 18.

■ Si la evidencia tiende a demostrar que el acusado, de ser culpable, lo es del delito de robo, no es errónea la instrucción trasmitida por el juez al jurado para que rinda un veredicto de culpable del delito de robo o de no culpable. *People* v. *Bryan,* 266 Pac. 972; 91 C.A. 189; *People* v. *O'Brien,* 26 Pac. 362, 88 C. 483; *People* v. *Griffin,* 96 P.2d 989; 336 C.A.2d 59.

■ Finalmente apuntaremos que un estudio cuidadoso del récord y consideradas todas las circunstancias que él revela, carece de mérito la alegación de que el acusado no estuviera adecuadamente representado por abogado.

*Se confirmará la sentencia apelada.*