937 P.2d 711

**STATE of Arizona, Appellee,**

v.

**Ernest ARO, Appellant.**

**No. 1 CA–CR 96–0385.**

Court of Appeals of Arizona,
Division 1, Department E.

April 24, 1997.

---

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Toni Marie Valadez, Assistant Attorney General, Phoenix, for Appellee.

Lisa Marie Martin, Phoenix, for Appellant.

## OPINION

VOSS, Judge.

Ernest Aro ("defendant") appeals from his convictions and sentences for first-degree murder, aggravated robbery, and third-degree burglary. We hold that the "taking" of property from a victim, as an element of aggravated robbery, does not require movement of that property. Defendant's convictions and sentences are affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

We view the evidence at trial in the light most favorable to sustaining the jury's verdicts. *State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992), *cert. denied,* 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993).

Early in the morning of September 30, 1993, defendant, Efren Medina, and Kevin Martinez were driving in West Phoenix in Medina's Mercury Sable. They saw the victim sleeping inside his 1975 Toyota Corolla. Medina told defendant, who was driving, "Pull over. I'm going to take [that] car.... Meet me at the corner." Defendant stopped the car and dropped off Martinez and Medina.

Medina dragged the victim from his car, beat him, and dragged him into the street. He unsuccessfully attempted to start the Toyota and steal the radio inside. Defendant drove down the street, turned around, and returned to the scene. Medina got inside the car. The Sable was then driven over the victim's body, reversed direction, then driven over the body again. The victim died as a result of multiple blunt force trauma consistent with being run over with a car. At trial, whether defendant or Medina was driving at that time was in dispute.

A jury found defendant guilty of first-degree murder, a class 1 felony, on both premeditated and felony-murder theories; third-degree burglary, a class 4, dangerous felony; and aggravated robbery, a class 3, dangerous felony. The court sentenced defendant to concurrent presumptive terms of six years and 7.5 years, respectively, on the burglary and robbery charges and to a consecutive term of life imprisonment on the murder charge. Defendant timely appealed, raising the following issues:

1. Did the trial court err in denying defendant's motion for judgment of acquittal on the charges of aggravated robbery, third-degree burglary, and first-degree felony murder?

2. Did fundamental error occur when the trial court failed to instruct the jury, *sua sponte*, that defendant could not be found guilty based on his "mere presence" at the scene of the offenses?

## DISCUSSION

### A. DENIAL OF JUDGMENT OF ACQUITTAL

Defendant asserts that the trial court erred in denying his motion for judgment of acquittal on the charges of aggravated robbery, third-degree burglary, and first-degree felony murder. A judgment of acquittal is warranted where there is no "substantial evidence to warrant a conviction." Rule 20, Arizona Rules of Criminal Procedure ("Rule(s)"). "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of de-

fendant's guilt beyond a reasonable doubt.' " *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)). We examine each of defendant's arguments under this standard.

1. *Aggravated robbery*

Defendant argues that insufficient evidence supported his conviction for aggravated robbery because no evidence established that the object of the robbery, the victim's car, was ever moved. Because aggravated robbery includes the elements of robbery, this argument focuses on the elements of that offense. The statutory definition provides:

A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of the property or to prevent resistance to such person taking or retaining property.

Arizona Revised Statutes Annotated section (A.R.S. § ) 13–1902(A).

■ Defendant contends that "taking," which is undefined by statute, includes the movement, or "asportation," of property. However, in the related context of theft, "taking occurs when the offender secures dominion over the property." *See* 2 Wayne R. La Fave and Austin Scott, Jr., *Substantive Criminal Law*, § 8.3 at 345 (1986). "Taking," also known as "caption," and asportation (or "carrying away"), were two distinct elements of theft at common law. *See id.* The Arizona Supreme Court, construing the predecessor robbery statute, recognized this distinction:

The crime of robbery is complete when the robbers without lawful authority and by means of force or fear obtain possession of the personal property of another in the presence of its lawful custodian and reduce it to manual possession.

*State v. Hitchcock*, 87 Ariz. 277, 284, 350 P.2d 681 (1960), *cert. denied*, 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821 (1961)(quoting *People v. Beal*, 3 Cal.App.2d 251, 39 P.2d 504,

505 (Dist. 4 1934)). *Accord, State v. Allen,* 1 Ariz.App. 161, 163, 400 P.2d 589 (1965) (in context of shoplifting, "taking" means obtaining "the complete, independent, and absolute control of the thing desired adverse to the rights of the owner").

■ We presume that the legislature is aware of existing case law when it passes a statute and that, when it retains language upon which appellate decisions are based, it approves the judicial interpretation. *State v. Pennington,* 149 Ariz. 167, 168, 717 P.2d 471, 472 (App.1985). Accordingly, we conclude that "taking" under the present robbery statute means obtaining possession of or dominion over property, and does not require that the property be moved. Because sufficient evidence was presented that Medina obtained possession of the victim's car when he forcibly removed the victim from it, the trial court did not err in denying defendant's motion for judgment of acquittal on the aggravated robbery count.

### 2. *Third-degree burglary*

■ Defendant also argues that the evidence was insufficient to support his conviction of third-degree burglary, which is statutorily defined as follows:

> A person commits burglary in the third degree by entering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein.

A.R.S. § 13–1506(A). Defendant contends that, even though evidence was presented that his accomplices entered the victim's car with the intent to steal it, the evidence was insufficient because the statute requires proof that the theft occur "therein"—that is, inside the car. As a result, he asserts, the offense cannot be premised upon theft of the car itself.

We find no merit to this argument. Pursuant to A.R.S. § 13–1802(A)(1), theft occurs when a defendant knowingly "[c]ontrols property of another with the intent to deprive him of such property." "Control" means "to act so as to exclude others from using their property except on the defendant's own terms." A.R.S. § 13–1801(A)(2).

We find sufficient evidence that defendant's accomplice entered the victim's car with the intent to "control" it, by his beating of the victim, removing him from the vehicle, and attempting to start it.

### 3. *First-degree felony murder*

Because sufficient evidence supports defendant's convictions for aggravated robbery and third-degree burglary, and sufficient evidence established that he and his accomplices caused the victim's death, the trial court properly denied his motion for judgment of acquittal on the charge of first-degree felony murder. *See* A.R.S. § 13–1105(A)(2); *State v. Vargas,* 127 Ariz. 59, 60, 618 P.2d 229, 230 (1980).

## B. FAILURE TO INSTRUCT ON "MERE PRESENCE"

Defendant also argues that the trial court erred in failing to instruct the jury that proof of his "mere presence" at the scene of the offenses was insufficient to support a determination of guilt. However, defendant's counsel did not request such an instruction at trial. Failure to request an instruction waives the issue on appeal in the absence of fundamental error. Rule 21.3(c); *State v. Gendron,* 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991). "Fundamental error is 'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *State v. Bible,* 175 Ariz. 549, 572, 858 P.2d 1152, 1175 (1993), *cert. denied,* 511 U.S. 1046, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994)(quoting *State v. Hunter,* 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)). We examine the prejudicial nature of the unobjected-to error in light of the entire record. *Id.*

Defendant contends that he was entitled to a jury instruction like the one at issue in *State v. Noriega,* which stated:

> Guilt cannot be established by defendant's mere presence at a crime scene or mere association with another person at a crime scene. The fact that the defendant may have been present does not in and of

itself make defendant guilty of the crimes charged.

187 Ariz. 282, 928 P.2d 706, 707 (App.1996), review granted, Dec. 17, 1996.

Defendant notes that, in his opening, defense counsel suggested a mere presence defense, stating:

> [A]ll you will find about Ernie Aro is that he was there. The Judge will tell you later on at the end of the trial ... what being there means. Suffice it to say, at this point in the trial, being there is insufficient to find Ernie Aro guilty.

By the end of trial, however, the defense theory apparently had changed. Focusing on the court's instruction on accomplice liability, defense counsel argued that defendant was not an accomplice because he did not act with "the intent to promote or facilitate the commission of the offense." Counsel did not assert that defendant's mere presence was insufficient to establish his guilt. Rather, he argued that defendant was *not* guilty because he was *not* present when Medina and Martinez committed the burglary and robbery. Counsel stated:

> Ernie wasn't there. "Let me out of the car. I am going to take his car." Okay. Does that mean Ernie has some way aided and assisted in the commission of either the robbery or the burglary of [the victim] and his car? No. He left. He was down the street. He let those people out of his car and he left. Why do you think he left? Has there been anything proven to you other than he left because he didn't want to be part of it. He said, "Okay. Okay. I will let you out. Okay. You go commit the crime." Doesn't mean I am going to do it.

■ Although a mere presence instruction may not have been logically inconsistent with this argument, such an instruction would not have advanced the assertion that defendant was not guilty because he was not present. The record strongly suggests that the defense made a tactical choice not to request a mere presence instruction. Under these circumstances the fact that the trial court did not instruct the jury on the concept *sua sponte* does not constitute fundamental error.

## CONCLUSION

We have not reviewed the entire record for fundamental error because such review is no longer required. *See State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996). Defendant's convictions and sentences are affirmed.

WEISBERG, P.J., and KLEINSCHMIDT, J., concur.