NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARCHIE DAVID EZNACK, *Appellant.*

No. 1 CA-CR 20-0255
FILED 4-27-2021

Appeal from the Superior Court in Maricopa County
No. CR2015-142530-001
The Honorable Howard D. Sukenic, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

_____

H O W E, Judge:

¶1        Archie David Eznack appeals his convictions and sentences for burglary in the third degree, arguing insufficient evidence supports his convictions. Eznack also claims he is entitled to additional presentence incarceration credit. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On August 6, 2014, employees at four businesses in an office complex discovered property and financial documents were missing from their workplaces. Police investigated and discovered that doors and desk drawers in the offices had been forced open.

¶3        Almost one year later, a police officer arrested Eznack for an unrelated matter. In the vehicle Eznack was driving, the officer found items that the office employees reported missing. Eznack later admitted during a police interview that he "removed items" from the business complex during the evening of August 5, 2014.

¶4        The State charged Eznack with four counts of burglary in the third degree, class 4 felonies. While on pretrial release, Eznack failed to appear for a status conference in July 2016. The trial court issued a bench warrant, and Eznack was later located in Nevada where he was serving a prison sentence for an offense committed there. On May 14, 2018, Eznack was extradited to Arizona to face the charges in this case.

¶5        Eznack waived counsel and represented himself at trial. At the close of the State's evidence, Eznack unsuccessfully moved for a judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20, and the jury subsequently found him guilty as charged. Based on Eznack's prior felony convictions, the trial court imposed concurrent minimum terms of 8 years' imprisonment and awarded 798 days' presentence incarceration credit. Eznack timely appealed.

## DISCUSSION

### I.      Sufficiency of Evidence

¶6          Eznack argues that his convictions should be vacated because the trial court erred by denying his motion for judgment of acquittal. Under Rule 20, a court must enter a judgment of acquittal if after the close of evidence on either side no substantial evidence supports a conviction on any offense charged. *See* Ariz. R. Crim. P. 20(a)(1). We review a claim of insufficient evidence de novo. *State v. West*, 226 Ariz. 559, 562 ¶ 15 (2011).

¶7          A person commits burglary in the third degree by entering or remaining unlawfully in a nonresidential structure with the intent to commit any theft or felony. *See* A.R.S. § 13–1506(A)(1). Sufficient evidence of burglary may be direct or circumstantial and "is such proof that reasonable persons could accept as adequate" to "support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Borquez*, 232 Ariz. 484, 487 ¶¶ 9, 11 (App. 2013). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987). Stated differently, "[r]eversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (citation omitted). We view the facts in the light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509 ¶ 93 (2013).

¶8          Here, the State provided testimony from individuals identifying items they discovered were missing from their offices on August 6, 2014. None of them knew Eznack or gave him permission to take the items. Surveillance video from one of the businesses showed two individuals entering the office the evening of August 5, 2014 and leaving with a safe and other items. Eznack admitted he was one of the men in the video and that he appeared to be committing a burglary. Eznack also admitted to possessing the items reported missing when they were found in the car he was driving. Substantial evidence reasonably supported a conclusion that Eznack entered the offices unlawfully, intending to commit theft.

¶9          Eznack nonetheless argues that insufficient evidence identified him as the individual who took items from the offices, and the State therefore failed to prove he entered the offices intending to commit a theft. We find no merit to this argument. Pursuant to A.R.S. § 13–1802(A)(1), theft occurs when a defendant knowingly "[c]ontrols property of another with the intent to deprive him of such property." By his own admission, Eznack and Eznack's accomplice forcibly entered the office building and one of them emerged with a safe. At

minimum, Eznack acted as an accomplice to the theft sufficient to sustain a third-degree burglary conviction. *See State v. Aro*, 188 Ariz. 521, 524 (App. 1997) (affirming a conviction for third-degree burglary of a vehicle when defendant's accomplice took control of the vehicle). Furthermore, Eznack was found to be in control of papers from the safe a year later. Sufficient evidence supports a conclusion that Eznack committed the third-degree burglary beyond a reasonable doubt and the trial court properly denied Eznack's motion for judgment of acquittal.

## II. Presentence Incarceration Credit

**¶10** Eznack also argues that he is entitled to presentence incarceration credit for time he spent in custody from January 26, 2018, the date the detainer was issued to secure his extradition to Arizona, to May 14, 2018, the day he was extradited. We disagree.

**¶11** All time actually spent in custody pursuant to an offense until the prisoner is sentenced for the offense shall be credited against the term of imprisonment. A.R.S. § 13–712(B). The presentence incarceration credit statute, however, allows "credit only for time spent in custody pursuant to the offense for which a defendant is sentenced." *State v. Gourdin*, 156 Ariz. 337, 339 (App. 1988).

**¶12** Here, Eznack was in custody in Nevada for an unrelated matter from January 26 to May 14, 2018. Although Eznack was on detainer status in this case from January 26 to May 14, 2018, he was serving his Nevada sentence during that time and was, therefore, not in custody pursuant to the charges in this case. *See State v. San Miguel,* 132 Ariz. 57, 60–61 (App. 1982) (construing "time actually spent in custody pursuant to an offense" to preclude awarding presentence incarceration credit for defendant's custody in probation revocation matter that resulted from the charged offense). Accordingly, Eznack was not entitled to credit for the 109 days between January 26 and May 14, 2018. *See State v. Bridgeforth*, 156 Ariz. 58, 59 (App. 1986) (concluding trial court erred by awarding presentence credit for time defendant spent imprisoned on unrelated matter).

**CONCLUSION**

¶13     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA